## KIRVEN V. PINCKNEY.

EXCHANGE—SALE—CONTRACT.—An agreement to exchange horses is not a sale, and the contract is not complete, so as to affect the right of third persons, until the animals to be exchanged are *actually delivered*.

Before BUCHANAN, J., Sumter, March, 1896. Reversed.

Action by James N. Kirven, in claim and delivery for one mare and colt, against Henry L. Pinckney, jr., and Manly Boykin. Judgment for plaintiff. Defendants appeal.

*Messrs. Purdy & Reynolds*, for appellant, cite: *Exchange:* Smith's Mer. Law, sec. 557, note 2; 7 S. E. R., 171. *Sale:* Benj. on Sales, 1 Am. ed., 308, 318, 319, and notes; 37 Me., 230 (59 Am. Dec., 49, 50); 3 Wend., 112 (20 Am. Dec., 671–2); 49 N. Y., 35; 61 Me., 45; 34 N. H., 290; 20 Pick., 280. *Verdict:* 19 S. C., 490; 30 S. C., 494.

*Messrs. Townsend & Floyd* and *Fraser & Cooper*, contra, cite: *Sale and Exchange:* III. Minor's Inst., 109, 250; 14 Gray, 372; 7 A. & E. Ency., 115; 6 Dana, 48; Benj. on Sales, 313, 315, 321, 1340, 1341; Shepherd's Touchstone, 224; 21 A. & E. Ency., 627; 26 Id., 750; 21 Id., 463, note 1. *Delivery:* 1 N. & McC., 592; 2 Hill, 588; 1 N. & McC., 224; 2 Hill Ch., 631; 2 Speer, 75; 2 Strob., 309. *Verdict:* Code, 283, 299; 42 S. C., 127; 10 S. C., 497; 91 Cal., 288; 3 Estee's Pl., 4694; 20 A. & E. Ency., 1112; 65 Cal., 237; 12 Cir. Pro., 274; Miss. Digest, 198, 658.

July 20, 1896.   The opinion of the Court was delivered by

MR. JUSTICE POPE.   This action was commenced in the Court of Common Pleas for Sumter County, in this State, on the 21st day of December, 1895, and its object was to recover a mare and colt alleged to have been wrongfully detained from the plaintiff by the defendant, and for damages. It came on for trial before his Honor, Judge Buchanan, and a jury. The verdict was for the plaintiff, and after entry of judgment thereon, an appeal was taken therefrom. Quite a number of interesting questions were presented and argued before us; but we have concluded that there is one all controlling question here, which we have concluded will render unnecessary the consideration of all the other matters embraced in the appeal—indeed, when we settle this question, no other can be said to fairly arise in the record.

It seems that the plaintiff here made an agreement with one Mr. Henry Tupper, of Charleston, in this State, which was finally embodied in this written agreement, to wit: "October 2d, 1894. · This is to certify that J. H. Kirven and Henry Tupper have traded the following mares, 'Brown

Girl' and 'Daisy;' J. H. Kirven to give H. Tupper 'Brown Girl' and $25 for 'Daisy;' J. H. Kirven to pay freight on both mares. H. Tupper to raise the colt that 'Brown Girl' is with, to the age of six months, and then give the said colt to J. H. Kirven; and if the colt is not sound at that time, H. Tupper is to pay J. H. Kirven $100. 'Brown Girl' is by 'Highland Red' out of 'Worth' by 'Black Chief.' 'Brown Girl' is in foal by 'Melville Chief' (2353), due to foal on or about 7th March, 1895. In witness whereof I have hereunto set my hand and seal, this the 4th day of September, 1894. Henry Tupper (L. S.)" On the 8th day of October, 1894, this plaintiff shipped by rail "Brown Girl" to the order of Henry Tupper, and advised Tupper to send to him "Daisy" on the night of the same day. A letter from Tupper to Kirven, dated 8th October, 1894, admits the receipt from Kirven of a telegram to this effect on that same day, and expresses his regret at not being able to ship "Daisy" on that night; explaining his inability by reason of the mare being up town, but stating that she should be shipped the next day. On the 9th of October, 1894, when Tupper sent to the railroad authorities for the mare, "Brown Girl," his messenger returned with the information that she was sick. Thereupon he employed a veterinary surgeon— one McInness—to do what he could for her, but she died while in the car at Charleston. Mr. Tupper promptly notified Mr. Kirven of his loss, and advised Kirven to bring suit against the railroad for damages. Mr. Kirven, however, sent him a check for the $25, dated 8th October, 1894, and insisted that "Brown Girl" was Mr. Tupper's loss. Mr. Tupper, however, denied this, and returned the check to Mr. Kirven. This describes the attitude of the parties to each other. Mr. Tupper sold the mare, "Daisy," to the defendant, Henry L. Pinckney, jr., and Mr. Pinckney placed her in the keeping of the defendant, Manly Boykin. The two last reside in Sumter County, where the mare, "Daisy," is kept—who, by the way, has dropped a colt. So that now Mr. Kirven brings his suit for claim and delivery against

Mr. Pinckney and Mr. Boykin for both the mare, "Daisy," and her colt, but Mr. Tupper is not made a party to this suit.

One of the defenses set up by the defendants is that "Daisy" never became the property of Mr. Kirven; that the agreement between Mr. Kirven and Mr. Tupper was only for an exchange of mares but was never executed; and that the only remedy Mr. Kirven had was to sue Mr. Tupper for a breach of his contract; and that Kirven never owned or had a lien on the mare, "Daisy," and, therefore, the defendant Pinckney had a perfect right to buy her as he did. We cannot regard this as a sale of the mare, "Daisy," to Mr. Kirven. The contract shows that it was to be an exchange of one mare for the other, with $25 as "boot." This exchange was never consummated. If the contract was breached by Tupper, Kirven had his remedy by bringing his action against Tupper for such breach of his contract. We cannot view this contract as executed by its terms so that "Brown Girl" was Tupper's property and "Daisy" was the property of Kirven. Each had to deliver his mare to the other, respectively, before the rights of third parties could be affected. Whatever remedy Mr. Kirven has, is against Mr. Tupper. The defendant by his second request to charge made this point, and the Circuit Judge refused such request to charge. This was error. The defendant, on the same ground, sought a nonsuit; this was refused by the Circuit Judge, and thereby the Circuit Judge was again in error.

We must, therefore, reverse the judgment and direct that the complaint be dismissed.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and the cause be remitted to the Circuit Court with directions to that Court to dismiss the complaint.