**. HASSLER SALES AGENCY, Inc., v. SHAW et al.**

(Circuit Court of Appeals, Fourth Circuit. February 5, 1924.)

No. 2171.

**Sales ⊚202(1)—Payment of draft for price of goods held to pass title.**

By the law of South Carolina, as by the general law, where there is no question of fraud, under a contract for sale of specific goods, evidenced by a draft for the price, accompanied by an order on seller's agent for delivery, title passed on payment of the draft, as against a subsequent attaching creditor of the seller.

In Error to the District Court of the United States for the Eastern District of South Carolina, at Charleston; Henry A. Middleton Smith, Judge.

⊚For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Action at law by the Hassler Sales Agency, Inc., against David C. Shaw and others. Judgment for defendants, and plaintiff brings error. Reversed.

Julian Mitchell, of Charleston, S. C. (Mitchell & Horlbeck, of Charleston, S. C., on the brief), for plaintiff in error.

L. D. Jennings and A. S. Harby, both of Sumter, S. C., for defendants in error.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

WOODS, Circuit Judge. Robert H. Hassler, Inc., of Indianapolis, April 24, 1919, made an agreement with the plaintiff, Hassler Sales Agency, Inc., of Richmond, for the sale of a carload of shock absorbers then in Columbia, S. C. The purchasing corporation had been formed for the purpose of dealing in shock absorbers manufactured by the seller. An inducement to the purchaser was an agreement with the seller for the exclusive agency in South Carolina. There was no other connection between the two corporations. In accordance with the terms of the agreement a draft was drawn on the purchaser for the price, to which was attached a letter directed to J. N. Finley, the seller's agent in Columbia, S. C., directing him to deliver the shock absorbers to the purchaser on presentation of the letter. The draft was paid on May 2, 1919, and the letter and draft delivered to the purchaser. Before this transaction Finley had stored the goods in the warehouse of the Columbia Compress Company taking a receipt therefor in the name of Robert H. Hassler, Inc. This receipt was sent by mail to Robert H. Hassler, Inc., at Indianapolis. The warehouse receipt was lost in the mail, and at the time of the contract of sale, the making of the draft, the writing of the letter, and the payment of the draft, both buyer and seller were unaware that the goods had been placed by Finley in the warehouse. On May 5, 1919, the defendant David C. Shaw instituted in Columbia, S. C., suit by attachment against Robert H. Hassler, Inc., to recover damages for alleged breach of contract. The attachment was the same day levied on the shock absorbers as the property of Robert H. Hassler, Inc. Having no immediate use for the shock absorbers the Hassler Sales Agency did not present the order to Finley promptly nor until it learned of the attachment about two weeks after it was levied. Thereafter Hassler Sales Agency, claiming title as a bona fide purchaser before attachment was levied, brought this action against Shaw, Columbia Compress Company, and Robert H. Hassler, Inc., to recover possession of the goods.

The District Judge instructed the jury that there was no evidence of fraud in the alleged sale to the plaintiff, and that its action could not be defeated on that ground, but that the plaintiff did not acquire title against the attaching creditor, because at the time the attachment was levied the goods had not been actually delivered to the buyer.

The contract being to sell specific goods evidenced by the drawing of a draft for the price accompanied by an order for delivery, as between the parties the title passed to the buyer upon payment of the draft. In many states it has been held that against subsequent purchasers and attaching creditors delivery is necessary to the validity of

a sale of goods. These decisions rest on the proposition that retention of possession by the seller is either conclusive or presumptive evidence of fraud in the sale. Williston on Sales, §§ 353–404. In this case the goods were in South Carolina, and the law of that state determines the validity of the contract. Notes, 64 L. R. A. 829; 11 L. R. A. (N. S.) 1007. In Pregnall v. Miller, 21. S. C. 385, 53 Am. Rep. 684, the sale was in consideration of a credit on a pre-existing debt, and the title under it was asserted against a subsequent purchaser. After full review of the authorities, Chief Justice Simpson for the court says:

"We think, too, that that portion of the charge of the judge in which he held that to complete a sale, both payment of purchase money and delivery of property were necessary, was erroneous. Change of title takes place when the bargain is struck, and may pass before payment and before actual delivery; where property is sold on a credit with possession given, or where it is sold for cash and yet left with the vendor for vendee's convenience, and subject to his control, title changes and the sale is complete."

The later case of Kirvin v. Pinckney, 47 S. C. 229, 25 S. E. 202, is with reason relied on as laying down the rule that delivery is necessary to the validity of a sale, but we do not find that this case has since been cited as authority. In the still later case of State v. Small, 82 S. C. 93–95, 63 S. E. 4, 44 L. R. A. (N. S.) 454, the court again reaffirms the rule above quoted from the opinion of Pregnall v. Miller.

It is true that the court also held the burden to be on the purchaser to show that from the date of the payment of the draft the property was under its control and left with the seller for the purchaser's convenience. This burden of proof was discharged. Not only did the District Judge hold that the evidence failed to show fraud, but the testimony leaves no room to doubt that in good faith the purchase money was paid, the order for the delivery of the goods taken, and presentation of the order postponed because the plaintiff had no present need for the goods.

Evidently, the rights of the parties could not be affected by the fact that the custody of the goods had without the knowledge of either seller or purchaser been changed from Finley, the seller's agent, to the warehouse company, which also held them as the seller's agent.

The judgment must be reversed.