(June 21, 1912.)

## WILLIAM ANDERSON and THE CITY OF SALMON, Respondents, v. BOARD OF COMMISSIONERS OF LEMHI COUNTY, Appellants.

[125 Pac. 188.]

LICENSE TO SELL INTOXICATING LIQUORS — DISCRETION OF BOARD IN GRANTING OR REFUSING A LICENSE—DUTY OF BOARD TO MAKE INVESTIGATION OUTSIDE OF INCORPORATED CITIES—AUTHORITY OF BOARD OF COMMISSIONERS SUPERIOR TO CITY COUNCIL.

(Syllabus by the court.)

1. Secs. 1507, 1508, 1512 and 1513 of the Rev. Codes, when read and construed together, recognize the power of the board of county commissioners to grant or refuse an application for a license

to sell intoxicating liquors at any place within the boundaries of the county, and authorize the board of commissioners to act upon all applications where they have been made at least twenty days before the meeting of the board at which action is to be taken; and in taking such action and granting or rejecting an application, the board is vested with a discretionary power, and that discretion extends as well to applications made for license to sell within the boundaries of an incorporated city as to applications for license to sell in an unincorporated town or village or in a rural community.

2.  The proviso contained in sec. 1508 of the Rev. Codes, "that when application is made for the sale of intoxicating liquors, for a place outside of any incorporated city, either upon their own motion or upon objections duly filed upon the part of any citizen and resident of the precinct within which it is intended to carry on such sale, the county commissioners shall determine whether or not the granting of such license will be conducive to the best interests of the community," etc., should be construed as imposing a positive duty upon the board to make the investigations therein required in cases of applications to sell intoxicating liquors for any place outside of an incorporated city, and should not be construed as a limitation of the discretionary power of such board; the purpose of the proviso being to impose a special duty upon the board in exercising its discretion in certain cases rather than to limit its power and discretion in other cases.

3.  Statutes authorizing the licensing of the liquor traffic and conferring upon the licensee the authority to retail intoxicating liquors must be read and construed in the light of a grant rather than that of a limitation of a right,—no one having an inherent, natural or inalienable right to carry on the business of retailing intoxicating liquors. And one who claims the right or seeks to establish such right must point out in clear and unmistakable terms a legal grant of such right covering his specific case and that he has complied with the terms of the statute granting such right.

4.  Sec. 1512 of the Rev. Codes authorizes and empowers the board of county commissioners to revoke a license issued by them to sell intoxicating liquors, and this statute would be rendered nugatory, useless and ineffective for any purpose if it should be held that the proviso to sec. 1508, Rev. Codes, renders it mandatory upon the board to issue a license to sell intoxicating liquors within any incorporated city, and that no discretionary power rests in the board in such cases.

5.  The board of county commissioners exercise the higher and superior power in the matter of granting licenses to sell intoxicating liquors within an incorporated city, and unless an applicant can procure a license from the board of county commissioners he has no

authority to sell within the boundaries of an incorporated city, and the municipal authorities have no power or right to grant a license to one who has not been able to procure a county license.

APPEAL from the District Court of the Sixth Judicial District, for the County of Lemhi. Hon. James M. Stevens, Judge.

Action by plaintiff to procure a writ of mandate. Writ granted. Defendants appeal. *Reversed.*

J. K. Rankin, and E. W. Whitcomb, for Appellants.

The courts are now generally recognizing the fact that no person has an inherent right to engage in the liquor traffic. (*Darby v. Pence, Mayor,* 17 Ida. 697, 107 Pac. 484, 27 L. R. A., N. S., 1194; *Crowley v. Christensen,* 137 U. S. 86, 11 Sup. Ct. 13, 34 L. ed. 620; *Smyth v. Co. Commrs.* (Utah), 112 Pac. 809, 32 L. R. A., N. S., 393; *State ex rel. Noble v. Cheyenne,* 7 Wyo. 417, 52 Pac. 975, 40 L. R. A. 710; *Sherlock v. Stuart,* 96 Mich. 193, 55 N. W. 845, 21 L. R. A. 580; Black Int. Liquors, sec. 48.)

There is nothing contained in the statutes of Idaho making it obligatory on the part of the county commissioners to grant a license to anybody, under any condition. Sec. 1507, Rev. Codes, provides that an application for a license "may" be granted or rejected, and the very use of this word implies discretion. The word "may" is seldom or never used in a mandatory sense, except where the public is interested, and the public or third persons have a claim, *de jure,* to have the power exercised. (*Malcolm v. Rodgers,* 5 Cow. (N. Y.) 188–193, 15 Am. Dec. 466, and note; *People ex rel. Brokaw v. Commissioners,* 130 Ill. 482, 22 N. E. 596, 6 L. R. A. 161; *Bansemer v. Mace,* 18 Ind. 27, 81 Am. Dec. 344; *Newburgh Turnpike Road v. Miller,* 5 Johns. Ch. (N. Y.) 101, 9 Am. Dec. 274, 279; *State ex rel. Kyger v. Holt County Justices,* 39 Mo. 521; *State ex rel. Gazzalo v. Hudson,* 13 Mo. App. 61; Black, Int. Liquors, sec. 170.

The claim of a third person must be based upon an existing right, in order for the courts to construe the word "may" in

a mandatory sense. The respondent, Anderson, had no exist-ing right which the courts were bound to recognize. (*Darby v. Pence, Mayor, supra.*)

The use of the word "may," in our statute, necessarily im-plies discretion and is used in its ordinary signification in con-tradistinction to the words "must" and "shall." (*Ex parte Wittington,* 34 Ark. 394; *Perkins v. Loux,* 14 Ida. 607, 95 Pac. 694.)

The courts are unanimous in holding that before any power granted to a municipality· shall be exclusive, it must be con-ferred by positive and certain enactment, and not otherwise. (*Territory v. Webster,* 5 Dak. 351, 40 N. W. 535; *Licks v. State,* 42 Miss. 316; Black, Intoxicating Liquors, sec. 226.)

The purpose and effect of the proviso in sec. 1508, Rev. Codes, was not to limit the discretionary power of the commis-sioners as to granting licenses, but was in the nature of a qualification or limitation of their powers, with reference to certain localities, in the sense that it obliged the board to take certain action in relation thereto, which it was not obliged to take with reference to licenses granted in incorporated munici-palities. (*Propst v. So. Ry. Co.,* 139 N. C. 397, 51 S. E. 920; *Wartensleben v. Haithcock,* 80 Ala. 565, 1 So. 38; 36 Cyc. 1161–1163.)

F. J. Cowen, and George W. Padgham, for Respondents.

The legislature has set the limits of the discretion of the county board. It has said they may use this discretion out-side of incorporated cities. This language implies the nega-tive of the proposition, namely, that they shall not have dis-cretion within incorporated cities. This language is exclusive. (*Jack v. Village of Grangeville,* 9 Ida. 291, 74 Pac. 969; *People v. Goldman,* 1 Ida. 714; *Perkins v. Thornburgh,* 10 Cal. 189; *Smith v. Randall,* 6 Cal. 47, 65 Am. Dec. 475; *State v. Gilman,* 33 W. Va. 146, 10 S. E. 283, 6 L. R. A. 847; 36 Cyc. 1122, and cases cited; 19 Cyc. 23, and cases cited.)

If it be contended that the use of the word "may" in sec. 1507 is a grant of discretionary power, then the office of the

proviso, as contained in sec. 1508, is to limit, restrict or restrain the operation of what precedes it.    (36 Cyc. 1161, 1162.)

And the word "may" should be construed to mean "must," in its operation, with reference to places outside of incorporated cities.    (*McCleod v. Scott*, 21 Or. 94, 29 Pac. 1, 26 Pac. 1061; *Trainor v. County of Multnomah*, 2 Or. 214; *Kohn v. Hinshaw*, 17 Or. 308, 20 Pac. 629; *Smith v. King*, 14 Or. 10, 12 Pac. 8; case note *State v. Henry*, 87 Miss. 125, 40 So. 152, 5 L. R. A., N. S., 340.)

It would be absurd for the legislature to give a certain discretion or jurisdiction to two separate boards acting independently of each other, where the will of one may defeat the will of the other and nullify the whole legislative plan, or even a part of the plan.

The supreme court of West Virginia holds that the giving of discretion to the city board by the legislature is exclusive and divests the county board of discretion, although the latter board has jurisdiction of the subject under the constitution. (*Wilson v. Ross*, 40 W. Va. 278, 21 S. E. 868; *Ward v. County Courts*, 51 W. Va. 102, 41 S. E. 154; *State v. Harden*, 62 W. Va. 319, 58 S. E. 715, 60 S. E. 394; *Kelley v. Bowman*, 68 W. Va. 49–54, 69 S. E. 456.)

AILSHIE, J.—This is an appeal from an order of the district court issuing a writ of mandate against the board of commissioners of Lemhi county, directing them to issue a liquor license to the plaintiff, William Anderson, authorizing him to sell intoxicating liquors within the corporate limits of Salmon City.

This appeal involves the question as to whether or not a board of county commissioners have the power or discretion, under sec. 1508 of the Rev. Codes, to reject an application for a liquor license where the application is made for a license to sell intoxicating liquors within the boundaries of an incorporated city.    The board of commissioners took the position that they had a right under the statute to exercise their judgment and discretion in the matter of issuing a liquor license,

whether for the sale of intoxicating liquors within or without an incorporated city. The district judge, on the other hand, held that they have no such right or discretion where the application is made for the sale of liquors within the boundaries of an incorporated city.

Sec. 1507 of the Rev. Codes provides that all applications for license to sell intoxicating liquors "must be made to the board of county commissioners of the county wherein it is proposed to sell such liquor, at least twenty days before the meeting at which said application shall be acted upon, and said application shall specify the precinct within which such place of sale is to be located, and said application may be granted or rejected by said board as hereinafter provided."

Sec. 1508 of the Rev. Codes provides that before any license shall issue "the applicant shall produce before such board the receipt of the sheriff, showing that he has paid into his hands the amount due for such license, and shall execute and deliver to said board his bond to the state of Idaho, which bond shall be in the penal sum of three thousand dollars," etc. Sec. 1508 closes with the following proviso:

"That when application is made for the sale of intoxicating liquors, as in this section provided, for a place outside of any incorporated city, either upon their own motion or upon objections duly filed upon the part of any citizen and resident of the precinct within which it is intended to carry on such sale, the county commissioners shall determine whether or not the granting of such license will be conducive to the best interests of the community in which such saloon or business is proposed to be established, and whether or not such applicant is a fit person to have such license and carry on said business, and whether or not such place of sale and business will likely be conducted in a quiet, orderly and peaceable manner, and should said board of county commissioners determine adversely to the applicant upon any grounds above specified, the license must be refused and the sheriff shall return the amount deposited to said applicant; otherwise the said license may be granted; and such order of the board of county commissioners

shall be subject to appeal to the district court as in the case of other orders of said board.''

It is upon the construction of the foregoing proviso to sec. 1508 that the respondent herein seeks to sustain and uphold the action of the district court in ruling that the board has no discretion in the matter of issuing a license for the sale of intoxicating liquors within the boundaries of an incorporated city. It is argued that since this proviso authorizes and directs the board of commissioners, either upon their own motion or upon the objection of any citizen, to investigate and determine whether or not the granting of a license outside of any incorporated city ''will be conducive to the best interests of the community in which such saloon or business is proposed to be established, and whether or not such applicant is a fit person to have such license and carry on said business, and whether or not such place of sale and business will likely be conducted in a quiet, orderly and peaceable manner,'' it was thereby intended that the board should have no such authority or discretion where the sale is intended to be made *within an incorporated city.*

In construing this provision of the statute, it is necessary to bear in mind the status of the liquor business. It is not the exercise of any natural or inherent right or recognized lawful business. No one has an inherent or natural right to engage in the liquor traffic (*State v. Calloway,* 11 Ida. 719, 114 Am. St. 285, 84 Pac. 27, 4 L. R. A., N. S., 109; *Gillesby v. Board of Commrs.,* 17 Ida. 586, 107 Pac. 71; *Darby v. Pence,* 17 Ida. 697, 107 Pac. 484, 27 L. R. A., N. S., 1194; Black on Intoxicating Liquors, sec. 48), and statutes authorizing the licensing of the liquor business and conferring the right on the licensee to sell and traffic in intoxicating liquors must be read and construed in the light of a *grant of authority rather than a limitation of natural right.* In this respect it differs from the licensing of ordinary mercantile and manufacturing industries and enterprises or any ordinary commercial business. In this latter class of cases the right existed independent of and before any license or regulation was imposed upon it. In the liquor business the right did not exist here until it was con-

ferred by statute.    It follows, therefore, that one who seeks to establish the right to carry on the business of selling and disposing of intoxicating liquors must point out a clear and unmistakable grant by law to so engage in such business; otherwise, no such right exists.    Here the law-making power has authorized the licensing of applicants to sell intoxicating liquors under certain regulations and restrictions and has said that such applications "may be granted or rejected by said board as hereinafter provided."    (Sec. 1507.)    Nowhere else is there any provision restricting that power and discretion, but sec. 1508 provides the method of its exercise in cases where the sale is to be made outside of incorporated cities.    The law requires all applicants to file their applications at least twenty days before the meeting of the board at which they desire to have such applications acted upon.    The question at once arises, why should an application *"be acted upon"* if the board have *no alternative but to grant the application?*    The further inquiry arises, *why should the application be made to the board at all, and why should it be made twenty days before the meeting of the board,* if the board has no discretion in the matter?

This is followed by the provision that the application "may be granted or rejected by said board as hereinafter provided." The only provisions following sec. 1507 with reference to the power and duty of the board in such matters are contained in sec. 1508 heretofore quoted, and the provisions of secs. 1512, 1513, and 1514.    Sec. 1512 provides that when any person who has received a license to sell intoxicating liquors shall be convicted of a violation of any of the provisions of the liquor laws or any of the penal statutes of this state relating to the sale of intoxicating liquors, or shall fail to conduct his business in a quiet, orderly and peaceable manner, or shall violate any of the conditions of his bond, "the board of county commissioners may, and it is hereby made their duty to, revoke said license."    Now the question arises, what is the use of revoking a license because the licensee has been convicted of a crime or has violated the statute or has maintained a disorderly and disreputable place if he can apply to the board at

their next session and compel the board to issue him a license?
Is it possible that the board of commissioners must issue a
license to one convicted of crime or who is known to maintain
a disorderly and disreputable place?

Sec. 1513 authorizes cities and towns to prohibit the sale
of intoxicating liquors within their limits, although a person
may have a license from the board of county commissioners,
unless such person also procures a license from the city au-
thorities, and *the city authorities may refuse to grant a license
and thereby prevent the holder of a county license from ever
selling liquor within the municipality.*   (*Gale v. City of Mos-
cow,* 15 Ida. 332, 97 Pac. 828.)   This section further specific-
ally provides that "no license granted by such city or town
shall run for any longer period than the license granted by
such board of county commissioners; and the revocation of the
county license granted by the board of county commissioners
shall work a revocation of any license granted by such city
or town."

Taking these provisions all together, it is clear that no one
has a right to sell intoxicating liquors within the boundaries
of the county, whether it be *within or without* a municipality,
until he first procures a license from the board of county com-
missioners; and no one has a right to sell intoxicating liquors
within a municipality, although he has a county license, unless
he is able to procure a license from the municipal authorities.
A double check or restriction is laid about the sale of intoxi-
cating liquors within municipalities.

Reverting now to the proviso above quoted from sec. 1508,
we are clearly convinced that it was not the intention of the
legislature by this proviso to limit the discretion of a board
of commissioners, but rather to place an additional duty upon
the board of commissioners.   It was the intention by this pro-
viso to require the board of commissioners, in all cases where
the application is made for a license to sell liquors at a place
outside of any incorporated city, to inquire into and ascertain
the fitness of the applicant to have such a license and to also
ascertain whether, in their opinion, the granting of such
license would be "conducive to the best interests of the com-

munity in which such saloon or business is proposed to be established.'' They may make the same inquiry on any application, though it is not mandatory except when the application is for a license to sell outside an incorporated city. It is clear that some men acting as commissioners would never be convinced that it was conducive to the best interests of a community to have a saloon established therein, while other men, acting in the same capacity, would perhaps conclude that it is to the best interests of the community to have such a business conducted therein. This statute also imposes upon them the further duty of ascertaining whether or not the place would likely be conducted in a quiet, orderly and peaceable manner should the license be granted. This duty is not mandatory on the board where the application is made to sell liquor within an incorporated city. The reason for this is apparent. The city authorities are in a better position to know the location of the saloon and the character and reputation and habits of the saloon-keeper than are the members of the board of commissioners; and they can refuse the applicant a license if they do not think he is a fit person or are not willing to have a saloon located at a place where the applicant desires to carry on the business. While this duty is not made *mandatory* on the board, the right to make the inquiry and investigation is not denied by the statute. When the application is made to sell intoxicating liquors in an unincorporated town or rural district where there are no local police or other peace officers, it is made a positive duty of the board to investigate both the fitness of the applicant and the best interests of the community and the probability of the applicant conducting the business in a peaceable, quiet and orderly manner, and thereby saving the county from costs and expenses in maintaining the police authority of the state in that locality. The legislature evidently considered that the board of commissioners had been granted ample discretion to be exercised by them in all instances, whether the application be to sell within or without the limits of a municipality, and the specific thing they had in mind by the enactment of this proviso was to impose the additional duty and obligation on the board of *investigating*

*in all cases* where the application should be made to sell liquors in a rural community or unincorporated town or village.

It follows from what has been said that the board of commissioners had a legal discretion vested in them which they might exercise in acting upon an application for a license to sell intoxicating liquors, whether such application be made for license to sell within or without the boundaries of an incorporated city. This discretion cannot be controlled by writ of mandate. The judgment of the lower court is therefore reversed, and the cause is remanded with direction to dismiss the proceeding. Costs awarded in favor of appellant.

Stewart, C. J., and Sullivan, J., concur.