(June 24, 1912.)

## WILLIAM ANDERSON, Respondent, v. BOARD OF COUNTY COMMISSIONERS OF LEMHI COUNTY, Appellant.

[125 Pac. 193.]

LIQUOR LICENSE—APPEAL FROM BOARD OF COMMISSIONERS.

(Syllabus by the court.)

1. Where a board of county commissioners grant or refuse to grant a license to sell intoxicating liquors within the county, the proper remedy for an aggrieved party under sec. 1508, Rev. Codes, is by appeal to the district court.

APPEAL from the District Court of the Sixth Judicial District, for Lemhi County. Hon. James M. Stevens, Judge.

Application to board of commissioners of Lemhi county for a liquor license. Application denied and appeal taken to the district court where license was ordered issued. Appeal from order and judgment to this court. *Reversed.*

J. K. Rankin, Prosecuting Attorney of Lemhi County, and E. W. Whitcomb, for Appellant.

F. J. Cowen, for Respondent.

See authorities cited by same counsel in *Anderson and City of Salmon v. Commissioners, ante,* p. 190, 125 Pac. 188.

AILSHIE, J.—This case involves the same state of facts involved in the case of *Anderson v. Board, ante,* p. 190, 125 Pac. 188, just decided. In that case, the applicant for a liquor license sought by writ of mandate to compel the board to issue the license. Feeling, doubtless, that there might be a question as to the remedy, he also appealed from the action of the board of commissioners to the district court. In the district court a stipulation was entered into between counsel for the appellant and the board, showing that the appellant had made due and regular application, paid the license fee and given the required bond, and that thereafter the board considered and acted upon the same and refused to grant the license asked upon the grounds "that the granting of such license would not be conducive to the best interests of the community in which the said license was sought." It was further stipulated and agreed that the board had granted the application of three other persons to sell intoxicating liquors within the municipal corporation of Salmon City. The cause came on for trial in the district court, and the court adopted the stipulation as findings of fact, and as a conclusion of law found that the appellant had complied with all the requirements of the statute and that the appellant was a fit person to receive a license, and that he would be likely to conduct an orderly place, and that the board of commissioners had no discretion in the matter of granting or refusing an application in due and regular form for a license to sell liquors within the boundaries of an incorporated city. The court thereupon reversed the action of the board of county commissioners and directed them to issue a license to the appellant to sell intoxicating

liquors within the limits of Salmon City. The board has appealed from the order and judgment.

From what has already been said in *Anderson v. Board of Commissioners of Lemhi County, ante,* p. 190, 125 Pac. 188, recently decided by this court, it follows that appeal was the appropriate remedy for the appellant to pursue. No question arises in this case, however, about there being any abuse of discretion or arbitrary action in the matter, and the case has been rested solely upon a question of law, namely, that the board is not vested with any discretion in such matters. We have held adversely to that contention in the Anderson case, and will not further discuss the question here. The board had a discretion which it has regularly and legally exercised.

The judgment of the district court should be reversed, and it is so ordered, and the cause is hereby remanded with direction to the trial court to affirm the action of the board of county commissioners. Costs awarded in favor of appellant.

Stewart, C. J., and Sullivan, J., concur.