[No. 10,337.]

## THE PEOPLE v. BETSEY VAN DELEER.

CRIMINAL LAW—DEFINITION OF POISON.—The word "poison," as used in sec. 216 of the Penal Code, means any substance which, when applied to the body externally, or in any way introduced into the system, *without acting mechanically*, but by its own inherent qualities, is capable of destroying life.

SAME—NOXIOUS OR DESTRUCTIVE SUBSTANCE OR LIQUID.—The words "other noxious or destructive substance or liquid," as used in the same section, include substances which act upon the system mechanically, so as to destroy life.

APPEAL from the District Court of the First Judicial District, Santa Barbara County.

The defendant was convicted of the crime of "having administered a poisonous and noxious substance" to the prosecuting witness, with intent to kill, and she appealed. The other facts are stated in the opinion.

*Thomas McNulta* and *Paul K. Wright*, for Appellant, argued that the definition of the word "poison," as given by the Court in the instructions to the jury, was too broad: citing Wharton & Stille's Med. Juris., sec. 493, and 2 Beck's Med. Juris.

*Attorney-General Hamilton*, for Respondent.

By the COURT:

The defendant is charged with having administered "a poisonous and noxious substance" to the prosecuting witness. The section under which the indictment was framed is as follows: "Sec. 216—Every person who, with intent to kill, administers, or causes or procures to be administered, to another any poison or other noxious or destructive substance or liquid, but by which death is not caused, is punishable by imprisonment in the State Prison not less than ten years."

The Court instructed the jury that if the defendant gave or administered to Henry Warmstead "either a poisonous or noxious substance, with the intent then and there to kill him, as alleged in the indictment," they must find the defendant guilty. The Court defined poisonous and noxious substances as follows: "A poisonous substance is one which has an inherent and deleterious property capable of destroying life. A noxious substance is not necessarily poisonous, but may be a substance which is hurtful and injurious."

Accurate definitions of those terms cannot be readily given, and, perhaps, are impossible, and proximate accuracy is all that may be required in the application of the statute in a given case; but the above definitions omit some of the essential elements of the meaning of those terms, as employed in the statute. A *poison* is defined by Wharton & Stille, Med. Juris. sec. 493, as "a substance having an inherent deleterious property, which

renders it, when taken into the system, capable of destroying life." A definition stated in 2 Beck's Med. Juris., with approval, is as follows: " A poison is any substance which, when applied to the body externally, or in any way introduced into the system, without acting mechanically, but by its own inherent qualities, is capable of destroying life." The definition of a poison given by the Court would include substances which act upon the system mechanically so as to destroy life. In that respect the definition was too broad; but such substances are, in our opinion, included within the meaning of the words of the statute, " other noxious or destructive substance or liquid."

The noxious or destructive substance or liquid mentioned in the statute is not merely such as might, when administered, be hurtful and injurious, but, like a poison, it must. be capable of destroying life. Pulverized glass or boiling water when administered in sufficient quantities would destroy life, but they are not poisonous. The purpose of the statute is to provide a punishment for attempt *to kill*, by the means therein mentioned; and in order to bring a case within the statute, it must be proved that the substance or liquid which was administered was capable of destroying life. The intent to kill could not be inferred from the act of administering a substance which has not the capacity of destroying life. The omission of the quality or capacity from the definition of a noxious substance, as given at the request of the prosecution, rendered it erroneous.

Judgment and order reversed, and cause remanded for a new trial.