[No. 20597.    Department One. — November 19, 1889.]

## THE PEOPLE, RESPONDENT, *v.* WILLIAM KEELEY, APPELLANT.

CRIMINAL LAW — MALICIOUS MISCHIEF — USE OF POISONOUS SUBSTANCE —
    INFORMATION. — An information charging malicious mischief in the use
    of a poisonous substance in the language of the statute is sufficient, and
    need not specifically name the poisonous substance, or aver that it was
    a substance that would kill, or that the act was feloniously done.

ID. — JUDGMENT — PUNISHMENT OF OFFENSE. — A conviction upon a charge
    of malicious mischief in putting a poisonous substance into a watering-
    trough, with intent that the same should be taken and swallowed by
    horses, etc., sustains a judgment of imprisonment in the state's prison,
    under section 596 of the Penal Code.

APPEAL — INSTRUCTIONS — AUTHENTICATION. — Instructions not authenti-
    cated by the judge, nor embodied in a bill of exceptions, cannot be con-
    sidered by this court as part of the record upon appeal.

Id. — Review of Evidence — Circumstantial Evidence — Province of Jury. — The jury are the sole judges of the credibility and weight to be given to each part of the evidence, and a verdict of conviction of a criminal offense will not be set aside upon appeal because circumstantial evidence was introduced tending to show that it was possible that the offense might have been committed by some other person, if circumstantial evidence, taken in connection with the direct evidence, made out a very strong case against the defendant.

Id. — Objection to Evidence — Review upon Appeal. — An objection to the admission of evidence which was not taken in the court below cannot be taken in this court for the first time.

Appeal from a judgment of the Superior Court of Yolo County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Clark & Aram,* for Appellant.

*Attorney-General Johnson,* and *E. E. Gaddis,* for Respondent.

Fox, J.—The defendant was convicted of malicious mischief in putting a poisonous substance into a watering-trough, with intent that the same should be taken and swallowed by the horses, etc. The appeal is from the judgment and the order denying a new trial.

It is contended by the appellant that the information does not state that the crime was committed in Yolo County, the county in which the action was brought and tried. The making of such a point is trifling with, the court, for the very first allegation of the information is, that the offense charged was committed "on the twenty-fifth day of February, A. D. 1889, in the county of Yolo," etc.

The next point made is, that the information does not charge a crime, in that it does not state that the act was feloniously done, and does not specifically name the poisonous substance, or that it was a substance that would kill; and here we are treated to a long dissertation upon the fact that poison is found in a large number

of substances used for food and for medicine for both man and beast. But there can be no misunderstanding of what the statute (Pen. Code, sec. 596) means when it uses the term "poisonous substance." The offense is charged in the language of the statute, and the charge is sufficient. (*People* v. *Lewis,* 61 Cal. 366; *People* v. *Henry,* 77 Cal. 445; *People* v. *Rogers, ante,* p. 209.) There is nothing in *People* v. *Van Deleer,* 53 Cal. 147, cited by appellant, in conflict with this conclusion. There the question was as to the sufficiency of the proof and the correctness of the charge.

Several exceptions are taken to instructions said to have been given at the request of the prosecution. A paper is found in the transcript, headed "Instructions asked by the people," containing paragraphs numbered from 1 to 11 inclusive. The first objection is to the paragraph marked 1, but that is not indorsed as either given or refused. It is in no manner authenticated by the judge; nor is it brought up in any bill of exceptions. Taken by itself, it cannot be considered by the court as part of the record in the cause. (*People* v. *January,* 77 Cal. 179; *People* v. *Rogers, supra.*) But paragraphs 1 and 2 must necessarily be read together to make sense of them as an instruction. The latter is marked "given," and reading them together they make one complete instruction, not open to the objection made to either of them separately.

Paragraph 2, even if taken by itself, as an independent instruction, is not open to the charge of being misleading, as claimed by appellant, especially when followed by the very full and liberal instructions given at the request of the defendant.

Paragraph 3, to which exception is taken, is not authenticated as a part of the record, but even if given, was not erroneous.

The same may be said of paragraph 6, to which exception is also taken.

It is also claimed that the evidence was insufficient to justify the verdict. Much of the evidence was circumstantial, but this, taken in connection with the direct evidence, made out a very strong case against the defendant. Circumstantial evidence was introduced tending to show that it was possible that the offense might have been committed by some other person, but it was for the jury to determine, from all the evidence, and to be satisfied beyond a reasonable doubt, whether or not the defendant was the guilty party. They heard and saw all the witnesses, and were the sole judges of the credibility and weight to be given to each part of the evidence. We cannot say, from the evidence, that they were not fully justified in the conclusion which they reached.

There was no error in the rulings of the court in the admission of testimony, or in refusing to strike out portions that had been given. The objection now taken to the testimony of the committing magistrate was not taken in the court below, and cannot be taken in this court for the first time.

A point is also made upon the fact that the charge and conviction is for malicious mischief, and the judgment is one of imprisonment in the state prison. The judgment is fully authorized by section 596 of the Penal Code, under which the information is filed.

Judgment and order affirmed.

WORKS, J., concurred in the judgment.

PATERSON, J.—I concur in the judgment on the ground that in the present condition of the record the questions raised by the appellant (except as to the sufficiency of the indictment, and there is no merit in that) cannot be considered. There is no statement or bill authenticated by the judge.