STATE OF NORTH DAKOTA v. MAXIM HAKON, Zenke Hakon, and Lodmere Rodak.

(129 N. W. 234.)

**Criminal Law — Witnesses — Exclusion from Court Room.**

1. It is discretionary with trial courts whether or not all witnesses shall be excluded from the court room during the trial.

Note.—The sufficiency of charging a crime in the language of the statute is considered in a note in 94 Am. Dec. 253, and the question of the right to introduce evidence of another and independent offense in a criminal case in order to show motive for the commission of the crime charged is considered in a note in 62 L.R.A. 194.

**Criminal Law — Indictment and Information — Following Language of Statute — Poisoning Animals.**

2. Where the information follows the language of the statute making it a crime to wilfully poison domestic animals, and it further designates the animal poisoned as a horse, and states the ownership thereof, no further description of the horse is necessary.

**Indictment and Information — Making More Definite — Discretion.**

3. Whether a motion to make an information more definite may ever be granted as a matter of right, not determined, but if permissible there was no abuse of discretion in denying such motion in this case.

**Criminal Law — Witnesses — Impeachment — Cross-Examination.**

4. The rule on cross-examination of witnesses in criminal cases is that a wide latitude is permitted as to the motives and feelings of such witnesses towards defendants, and it is prejudicial error to refuse to permit any cross-examination on those matters.

**Witnesses — Cross-Examination — Impeachment — Motives — Other Offenses.**

5. It is error to sustain an objection to a question on the cross-examination of a complaining witness, as to whether he had offered a bribe to a person if he would appear and testify as to certain matters against the defendants.

**Criminal Law — Evidence — Motions — Proof of Independent Offenses.**

6. It is not permissible to prove another and independent offense against the defendants on the ground that it shows a motive for the commission of the crime charged, unless such proof fairly and reasonably tends to show such motive.

**Criminal Law — Evidence — Conspiracy — Acts of Third Persons.**

7. It is error to admit proof of acts and declarations of third persons not in the presence of the defendants, unless a conspiracy has been shown between the persons making such declarations or doing such acts and the defendants, and that such acts or declarations were made or done in furtherance of the objects of the conspiracy.

**Criminal Law — Poisoning Animals — Information and Indictment.**

8. Where the information simply charges malicious and felonious administering of poisons to domestic animals, it is error, in view of the provisions of the statute, to show the poisoning of such animals by exposing poison with intent that it shall be taken by them.

Opinion filed December 8, 1910.

Appeal from the District Court of Ward county; *Goss,* J.

Defendants were convicted of maliciously poisoning horses, and appeal.

Reversed.

*F. J. Lambert,* for appellant.

*Dudley L. Nash,* State's Attorney, *Andrew Miller,* Attorney General, and *Alfred Zager* and *C. L. Young,* Assistant Attorneys General, for respondent.

MORGAN, Ch. J.  The defendants were informed against for the offense of wilfully poisoning domestic animals, and the charging part of the information is as follows: " . . . did wilfully, unlawfully, and feloniously administer poison, . . . to a domestic animal, to wit, a certain horse, then and there and by the means aforesaid causing the death of said horse, said horse then and there being the property of one Mike Kazema." After arraignment, the defendants demurred to the information, on the ground that it does not state facts sufficient to constitute a public offense. This demurrer was overruled. After demurring, the defendants made a motion that the information be made more specific, so far as the description of the horse therein alleged to have been poisoned was concerned. This motion was also denied. After the jury was impaneled and sworn, the defendants objected to the introduction of any evidence under the information, for the alleged reason that it did not state facts sufficient to constitute a public offense. This objection was also overruled. The defendants excepted to all of these rulings.

The objections urged present the same question, that of the insufficiency of the description of the horse alleged to have been poisoned. The allegations of the information follow the language of the statute defining the offense, which provides that any person who wilfully administers poison to any animal, the property of another, is punishable by imprisonment, etc., and these allegations are sufficient in a strictly statutory offense. The kind of domestic animal is alleged, and the ownership thereof. These allegations describe the offense, and cover every ingredient thereof laid down in the statute. People v. Keeley, 81 Cal. 210, 22 Pac. 593. The demand for a more specific description of the horse was properly overruled, and the demurrer as well, inasmuch as the information contains a direct and certain statement of the offense charged. We have recently held that questions pertaining to making informations more definite and specific are matters of discretion with trial courts, and this court will not interfere

with such discretion unless manifestly abused. In this case there was no abuse of such discretion, and no error in denying the motion, although the question whether district courts may not, under some circumstances, grant such a motion, is not decided. State v. Empting, ante, 128, 128 N. W. 1119, decided at this term, is followed in this case. The information charges the malicious administering of poison to the plaintiff's horses, which is sufficient as a charge so far as administering poison is concerned.

Error is also assigned because the court made an order, before the trial, excluding all the witnesses from the court room during the trial except the one under examination, but later the complaining witness was permitted to remain in the court room during the trial, after he had testified. Matters pertaining to the exclusion of witnesses from the court room during the trials are discretionary with the trial court, and there was no abuse of such discretion in this case.

The cross-examination by the defendant's attorney of the state's witnesses was restricted within very narrow limits. Many questions were objected to, and the objections sustained on the cross-examination of the complaining witness, which called for answers which might have thrown much light on the motives of this witness as to certain acts, and as to his relations and feelings towards the defendants. This is especially true of the following questions:

"Q. Did you, about a month ago, offer to Jack Galamaha, 100 bushels of oats if he would appear for you as a witness in this case, and testify that he saw these three defendants mixing up poison the night before the horses were poisoned?

"Q. Since you had these three defendants arrested, and since you came to Minot on this trip, and about four days ago, didn't you say, right here in Minot, and just outside of the courthouse, that if Hakon got away from this, that you would have him arrested twice more?"

Both of these questions were objected to on the ground that they were incompetent, irrelevant, and immaterial, and the court sustained these objections on that ground alone. The record shows much hostility between the complaining witness and the defendants. Suits and land contests had been brought, and tried, and various acts of hostility are claimed to have been committed by the complaining witness against the defendants. If the complaining witness had offered to bribe a witness to testify falsely, or had made threats of further arrests, it would

tend to show his animus towards the defendants, and that his motives in the prosecution were bad. These facts would have an important bearing on his credibility before the jury. The rule is that great latitude is allowed on cross-examination to show what the attitude of a witness is towards the defendant, and whether he has been guilty of attempts to cause witnesses to swear falsely by bribes or other methods. In State v. Malmberg, 14 N. D. 523, 105 N. W. 614, the judgment was reversed for the reason that a cross-examination was not permitted as to the motives of the witness, and this court said in that case: "It is therefore the absolute right of the party attacking the credibility of such a witness to elicit by cross-examination, the facts and circumstances which tend to prove the existence and extent of the supposed improper motives." Of course some considerable latitude rests with the trial judge as to the limits within which such cross-examination may be permitted, but to cut off all cross-examination on these matters is not sanctioned under any circumstances. By depriving the defendants of the benefits of such cross-examination in this case, error was committed which is ground for granting a new trial, as a thorough cross-examination is a matter or right in such instances. That these rulings were prejudicially erroneous is also fully sustained by State v. Hazlett, 14 N. D. 490, 105 N. W. 617, and cases therein cited.

The declarations and acts of third persons were permitted to be shown when not made or done in the presence of the defendants. The state now claims that such evidence was proper on the ground that such persons had entered into a conspiracy with the defendants to injure and annoy the complaining witness. Whether such acts and declarations were admissible in evidence depends on the fact whether such conspiracy had been shown, and the further fact whether the acts were in furtherance of the objects of the conspiracy. This court has recently considered this question, in an opinion by Justice Spalding, and exhaustively reviewed the authorities, and discussed the principles applicable to such evidence, and determined therein when such acts and declarations are admissible. In view of the fact that a new trial must be granted on another point, and in view of the fact that the abstract is only typewritten in this case, and that the briefs do not minutely refer to the evidence by page and folio where the evidence to substantiate the claim that a conspiracy was entered into is to be found, we do not deem

it advisable to determine whether such acts and declarations were admissible or not. On another trial, the case referred to (State v. Moeller, 20 N. D. 114, 126 N. W. 568) should be read, if such evidence is again offered, in order to determine its admissibility. We again caution attorneys that the rules of court should not be disregarded in respect to noting in the brief just where the evidence may be found that bears on the point of law or fact under discussion. By compliance with such rules, the work of the court will be greatly diminished.

Objections are also urged to certain testimony on behalf of the state, to the effect that the defendants sowed mustard seed on the complaining witness's land, which was in crop. It is claimed that this was permitting the state to prove the defendants guilty of a separate and independent crime. The contention is that it was showing malicious injury to the property of the complaining witness, and that it is brought within the statute making such acts punishable as malicious injuries. Section 9315, Rev. Codes 1905, provides that malicious injury to the real or personal property of another is a misdemeanor. Section 9330 provides that any malicious injury to standing crops is a misdemeanor. These sections are broad enough to cover the malicious sowing of mustard seed on cultivated land that is in crop. Conceding, therefore, that the evidence shows a violation of these provisions, it is necessary, in view of another trial, to determine whether it was error for the court to permit the state to show these matters as independent facts. The state's contention is that it was proper as showing a motive for the commission of the offense charged in the information, and also that it was proper as tending to show malice on the part of the defendants. So far as motive is concerned, it is a rule that other offenses may sometimes be shown to prove a motive for the commission of a crime for which the defendant is on trial, but proof of such other offenses is not received to show that the defendant committed the crime for which he is on trial, but as bearing only on the intent or motive or other matters known as exceptions to the rule that evidence of other crimes is inadmissible. Before such proof is admissible, however, it must tend to throw light on the defendant's motive for, or intent in, doing the acts complained of. The evidence must fairly tend to show a motive. That the commission of such other crime may possibly or remotely show a motive is not sufficient. As said in Elliott on Evidence, § 156: "This

rule should not be too broadly applied to let in matters that are too remote and collateral, and from which no fair inference can be drawn." This statement is pertinent to this case. The fact that the defendants sowed mustard seed in the complaining witness's crop does not tend to show a motive for the independent offense of maliciously poisoning his horses. The state claims also that proof of such other crime tends to show malice in the commission of the offense charged. What we have just said regarding proof of motive applies equally to the proof of malice.

The instructions to the jury in this case stated that maliciously exposing poison, with the intent that it might be taken by animals, would be administering the same under the said statute. In thus instructing the jury, there was error. The information contains simply an allegation that poisons were administered maliciously and feloniously. Under this allegation, proof of malicious acts by exposing poison with intent that it should be taken by animals was not relevant or admissible, and instructions on that provision of the statute should not have been given. The statute provides two independent ways by which the offense of poisoning animals may be committed, and an allegation of wilfully and maliciously administering poisons will not warrant proof of poisoning by any other method. If the statute simply provided that maliciously administering poison should be a misdemeanor, proof of placing or exposing poison with intent that it might be taken by animals would be held admissible, and such a placing would be deemed to be administering it; but in view of the language of the statute defining the offense, such is not the case.

Other errors are assigned, but in view of the fact that they will not, probably, arise on another trial, we refrain from deciding or discussing them.

For these reasons the judgment of the district court is reversed, a new trial granted, and the cause remanded for further proceedings, according to law. All concur.