# STATE v. KAHELLEK.

## (140 N. W. 1135.)

**Conviction — common nuisance — appeal — cross-examination — restriction — error.**

Opinion filed April 9, 1913.

Appeal from a judgment and order of the County Court having increased jurisdiction of Ward County; *Davis, J.*

Reversed.

*Blaisdell, Murphy, & Blaisdell,* for appellant.

In criminal cases, the defendant should not be restricted in a fair and reasonable attempt, on cross-examination, to show the strife and hostility of the witnesses against the defendant, as touching the credibility of such witnesses. 2 Wigmore, Ev. §§ 879–1005; State v. Kent (State v. Pancoast) 5 N. D. 516, 35 L.R.A. 518, 67 N. W. 753; State v. Malmberg, 14 N. D. 523, 105 N. W. 614; State v. Hazlett, 14 N. D. 490, 105 N. W. 617; State v. Hakon, 21 N. D. 133, 129 N. W. 234.

The names of all witnesses known to the state's attorney at the time of the filing of the information should be indorsed thereon. State v. Albertson, 20 N. D. 512, 128 N. W. 1122; State v. Kent (State v. Pancoast) 5 N. D. 516, 35 L.R.A. 518, 67 N. W. 1052; State v. Pierce, 22 N. D. 358, 133 N. W. 991.

Remarks by the trial court, expressing or indicating any opinion as to the facts, the condition of the witnesses as to be sober or otherwise, is improper. Territory v. O'Hare, 1 N. D. 30, 44 N. W. 1003; State v. Barry, 11 N. D. 428, 92 N. W. 809; State v. Noah, 20 N. D. 281, 124 N. W. 1122; State v. Peltier, 21 N. D. 188, 129 N. W. 451.

The state appears by *Andrew Miller,* Attorney General, *C. L. Young,* Assistant Attorney General, and *Dudley L. Nash,* State's Attorney.

And admits reversible error by the trial court in restricting improperly the cross-examination of witnesses for the state.

PER CURIAM. This is an appeal from a judgment convicting the de-

fendant of the crime of keeping and maintaining a common nuisance in the county of Ward, between the 1st day of January, 1910, and the 24th day of July, 1911; and from an order denying defendant's motion for a new trial. Numerous errors are assigned as a basis for a reversal. The state appears and admits reversible error by the trial court in improperly restricting the cross-examination of two witnesses. Cross-examination of these witnesses was not permitted to show hostility toward the defendant or their state of mind regarding him. This class of cross-examination has been repeatedly held proper in this state, and we think the assignment of the appellant on this point is sustained thereby. See State v. Hakon, 21 N. D. 133, 129 N. W. 234; State v. Hazlett, 14 N. D. 490, 105 N. W. 617; State v. Malmberg, 14 N. D. 523, 105 N. W. 614; State v. Kent (State v. Pancoast) 5 N. D. 516, 35 L.R.A. 518, 67 N. W. 753.

The judgment and order of the County Court of Ward County are reversed.