(No. 5375. September 18, 1930.)

STATE, Respondent, v. JOHN McPHERSON, Appellant.

[291 Pac. 313.]

Solon B. Clark and Harry Holden, for Appellant.

W. D. Gillis, Attorney General, and Fred J. Babcock and Leon M. Fisk, Assistant Attorneys General, for Respondent.

BUDGE, J.—Appellant was convicted of grand larceny for the felonious taking of a cow and steer, the personal property of another, to wit, Paul Zeames. This appeal is from the judgment of conviction.

The taking of the cattle was admitted by appellant but he claimed they were sold to him by Zeames, who, it was testified by appellant, stated he was indebted to the bank in a considerable sum, the bank was crowding him for the money and he wished to save something out of them. Appellant said that after looking at the cattle he agreed to purchase four head for $250 and gave Zeames $40 as a down payment, after which he proceeded to the place where the cattle were pastured and butchered four head, loaded them in a truck and drove to Pocatello, some distance away, where he endeavored to dispose of the carcasses. While in Pocatello on this mission appellant was arrested and returned to Lemhi county, where the charge of grand larceny was preferred.

A number of articles used in connection with the butchering of the cattle were carried in the truck until appellant

reached Pocatello, then most of them stored in a garage while negotiations were being made for disposal of the meat. In a transaction looking to a sale appellant gave a fictitious name and location of his residence, stating on the witness-stand in explanation thereof that he became suspicious whether the bank would "come on" him for the money owing it by Zeames.

 In making proof of the charge of larceny the owner of the two head of cattle was not asked the specific question of whether or not he consented to their being taken by appellant. Nonconsent of the owner of property alleged to have been stolen, one of the elements of larceny, may be proven by circumstantial evidence. (*State v. Kaiser, ante,* p. 351, 288 Pac. 154, and cases cited.) The owner related having missed some of his cattle and of finding parts of the butchered animals secreted about the place where they had been killed. He denied having met appellant at the times or places claimed by the latter and of having any conversation with him relating to the sale of any cattle. He said he had not sold any of his stock for a number of months. Not only is nonconsent sufficiently shown by the testimony adduced on behalf of the state, but the facts and circumstances as a whole substantially support the issue of a felonious taking.

Complaint is made of the giving of the following instruction:

"You are not bound to believe the testimony of any witness or number of witnesses; you are to search for the truth, believing only such testimony as carries conviction to your minds of the truth. If you believe that any witness has wilfully testified falsely as to any material fact in the case, you are at liberty, but not required, to disregard the whole of the testimony of such witness, except as he may have been corroborated by credible witnesses or credible evidence in the case."

In a portion of the court's charge just preceding the instruction quoted above the jury were advised that they were "the sole and exclusive judges of the facts, of what has been proven in this case, or the credibility of the witnesses, and of the weight to be given to the testimony of each and all of them, and in determining these important questions you should take into consideration every fact and circumstance in evidence which in your judgment affects the credibility of any witness, or the weight to be given to his testimony, and from all the facts and circumstances in evidence it is for you to determine what witnesses have sworn truthfully or otherwise and give credit accordingly." It is of course the rule, and the jury were in this case so advised by the court, that the instructions are to be considered and construed together and as a whole and so applied to the facts. The first sentence of the instruction complained of was but a reiteration of the principle just previously stated by the court that the jury are the sole and exclusive judges of the facts, of the credibility of the witnesses and of the weight to be given to the testimony of each and all of them. The latter portion of the instruction has often been held by this court and others not to be erroneous. (*State v. Alvord,* 47 Ida. 162, 272 Pac. 1010; 1 Blashfield's Instructions to Juries, p. 844, sec. 385, and cases cited under note 80.) Furthermore, as pointed out in *Baird v. Gibberd,* 32 Ida. 796, 189 Pac. 56, whether the testimony of a witness believed to be false as to any material fact is corroborated is a question of fact for the jury. Decisions criticising such instructions as invading the province of the jury are in the minority. But even in the light of the view taken by the minority of courts on this question, looking at all the court said in its charge to the jury in this case it is greatly improbable that the jury were misguided or reached their conclusion influenced by the wording of the last clause of the instruction in question. In addition to the instructions as to their being the sole and exclusive

judges of the facts, of the credibility of the witnesses and of the weight to be given to the testimony of each and all of them, the jury were expressly admonished that to warrant a conviction the defendant must be proved guilty so clearly and conclusively that there be no reasonable theory upon which he could be innocent and that unless after a careful and thorough consideration of all the evidence in the case the jury could say and feel that every material allegation in the information was proved beyond a reasonable doubt and to a moral certainty, the defendant should be found not guilty.

We are unable to conclude that appellant was deprived of any substantial rights upon the trial, and being of the opinion that the verdict is sufficiently supported by the evidence, the judgment is affirmed.

Givens, C. J., and Lee, Varian and McNaughton, JJ., concur.