(No. 5815.   April 16, 1932.)

STATE, Respondent, v. ARTHUR FARNSWORTH and
SARAH FARNSWORTH, Appellants.

[10 Pac. (2d) 295.]

B. H. Miller for Appellants.

770

Fred J. Babcock, Attorney General, and Z. Reed Millar, Assistant Attorney General, for Respondent.

GIVENS, J.—Under C. S., sec. 8541, which provides: "Every person who wilfully administers any poison to an animal, the property of another, or maliciously exposes any poisonous substance, with the intent that the same shall be taken or swallowed by any such animal, is punishable by imprisonment in the state prison not exceeding three years or in the county jail not exceeding one year, and a fine not exceeding $500," an information charged appellants as follows:

"The said Arthur Farnsworth and Mrs. Sarah Farnsworth, on or about the 12th day of January, 1931, at the County of Bonneville and State of Idaho, and prior to the filing of this information, committed a Misdemeanor, to-wit:

"Did then and there wilfully, unlawfully, maliciously administer and expose a poison, to-wit Cynaide of Potassium, to three silver black foxes, then and there the property of another, to-wit the Snake River Fox Ranch, with the intent that the same should be taken or swallowed by the said foxes. . . . . "

Ten assignments of error are presented, which will be considered in the order assigned.

First, that the court erred in overruling the demurrer contesting the information as duplicitous. The information was substantially in the words of the statute, and

each of several acts which might constitute an offense may properly be charged conjunctively in a single count. As said in *State v. Brown*, 36 Ida. 272, 211 Pac. 60:

" 'When a statute mentions several acts disjunctively and prescribes that each act shall constitute the same offense and be subject to the same punishment, an indictment may charge any or all of such acts conjunctively, as a single offense.' "

The poison could not have been administered without having been exposed, and it is hypercritical to contend that because the information alleges "administer and expose," the poison was first "administered" and then "exposed." The information charged the completed act of administering or giving, and the jury by its verdict so found. (See, also, *State v. McCarty*, 47 Ida. 117, 272 Pac. 695; *State v. Hagan*, 47 Ida. 315, 274 Pac. 628.)

Appellant urges the court was without jurisdiction because the information charged only a misdemeanor, in that the word "feloniously" was omitted therefrom. C. S., sec. 8541, under which this action was prosecuted, does not use the word "feloniously."

C. S., sec. 8084, provides that:

"A felony is a crime . . . . punishable . . . . by imprisonment in the state prison. Every other crime is a misdemeanor. Where a crime punishable by imprisonment in the state prison is also punishable by fine or imprisonment in a county jail, in the discretion of the court, it shall be deemed a misdemeanor for all purposes after a judgment imposing a punishment other than imprisonent in the state prison."

Since the offense described in C. S., sec. 8541, is punishable by imprisonment in the state prison, it is clear that it is a felony, and only *after* a judgment imposing a sentence in the county jail can it be considered as a misdemeanor. The offense being a felony, it must be conceded that the court had jurisdiction unless the failure to use the word "feloniously," and the denomination of the offense as a misdemeanor in effect make the offense merely a mis-

demeanor. In *State v. Basinger*, 46 Ida. 775, 778, 271 Pac. 325, this court said:

"It is fundamental in this state that the charging part of an information or indictment will withstand attack if on its face it be sufficient to advise the defendant of the nature of the charge against him, and describes the offense with such particularity as to serve as a shield in case of a second prosecution for the same offense; or, stated differently, if the act or acts constituting the offense be set forth in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended. Also, it is provided by statute (C. S., secs. 9084, 9191), that, after hearing an appeal, this court must give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties; and that neither a departure from the form or mode prescribed by the criminal code in respect to any pleading or proceeding, nor an error or mistake therein, renders it invalid unless it has actually prejudiced the defendant or tended to his prejudice in respect to a substantial right."

Tested by the above rule, appellants were advised of the nature of the charge against them, and had every safeguard of a felony trial; the information was substantially in the words of the statute (*State v. George*, 44 Ida. 173, 258 Pac. 551), and gave the court jurisdiction. In *People v. Keeley*, 81 Cal. 210, 22 Pac. 593, under Penal Code Cal., sec. 596, at that time identical with our C. S., sec. 8541, the court held that it was not necessary to use the word "feloniously" in the information.

The acts constituting the offense defined by statute were sufficiently stated, and the incorrect designation of the offense as a misdemeanor did not substantially prejudice the rights of appellants. (*State v. Altwatter*, 29 Ida. 107, 157 Pac. 256; *State v. Curtis*, 29 Ida. 724, 161 Pac. 578; *State v. Holder*, 49 Ida. 514, 290 Pac. 387.) In *Crummey v. State*, 37 Ga. App. 149, 139 S. E. 131, defendant was

accused of a misdemeanor, when the offense was by statute made a felony. The court said:

"The mere allegation that the defendant was charged 'with the offense of a misdemeanor' is immaterial, it being well settled that the facts set forth in an indictment or accusation determine the offense charged therein."

There is no merit in appellants' assignment of error No. 3, that Instruction No. 4 is erroneous. An identical instruction was considered and upheld in *State v. Sheehan,* 33 Ida. 103, 190 Pac. 71. Both appellants were principals whether the crime be considered as a felony or a misdemeanor, since C. S., secs. 8845 and 8093, are to be construed together. (*State v. Curtis,* 30 Ida. 537, 165 Pac. 999.)

Appellants complain of error in Instruction No. 16 as given by the court. The instruction is as follows:

"The court instructs the jury that you are the exclusive judges of the credibility of the witnesses, and it is your duty to reconcile any seeming conflict that may appear in the testimony as far as may be in your power upon the theory that each witness has sworn to the truth. When this cannot be done, you may consider the conduct of the witnesses upon the witness stand; the nature of the testimony given by them; to what extent, if any, they are corroborated or contradicted by other testimony, their interest, if any, in the cause; their relation to the parties, and such other facts appearing in the evidence as will, in your judgment, aid you in determining whom you will or will not believe. You may also, in considering whom you will or will not believe, take into account your experiences and relations among men.

"If you believe that a witness, or any number of witnesses, have willfully and knowingly testified falsely in regard to any material matter, you may disregard such witnesses' testimony, except in so far as it is corroborated by other credible evidence or by facts or circumstances appearing in the case."

As to the first paragraph of the instruction, the jury are the exclusive judges of the credibility of witnesses (C. S., sec. 7935; *State v. Bouchard*, 27 Ida. 500, 149 Pac. 464; *State v. McPherson*, 49 Ida. 687, 291 Pac. 313), and it is their duty to reconcile any seeming conflict as far as may be in their power. (16 C. J. 931.) Appellant contends that the use of the phrase, "their interest, if any, in the cause," singles out the testimony of appellants, because they naturally had an interest therein.

In *State v. Webb*, 6 Ida. 428, 55 Pac. 892, the court considered this instruction:

"The defendant has been examined as a witness upon his own behalf. This it is his right to be, and the jury will consider his testimony as they will that of any other witness examined before them. It is proper, however, for the jury to bear in mind the situation of the defendant, the manner in which he may be affected by your verdict, and the very grave interest he must feel in it; and it is proper for the jury to consider whether this position in interest may not affect his credibility or color his testimony."

And in discussing it said:

"When a defendant goes upon the witness stand in a criminal action, he occupies the same position as any other witness. He is subject to the same rules, and is entitled to the same immunities and protection, as any other witness. To send a defendant to the jury handicapped by such an instruction as this, especially the latter portion of it, is a vivid illustration of 'keeping the word of promise to the ear, and breaking it to the hopes.' We think the giving of the last paragraph (quoted above) of this instruction was error."

In *State v. Rogers*, 30 Ida. 259, 163 Pac. 912, the following instruction was given:

" 'The court instructs you, as a matter of law, that when the defendant testified as a witness in this case, he became as any other witness and his credibility is to be tested by and subject to the same tests as are legally applied to any other witness; and in determining the degree of credibility

that shall be accorded his testimony, *the jury have a right to take into consideration the fact that he is interested in the result of the trial, as well as his demeanor and conduct upon the witness-stand, and during the trial, and whether or not he has been contradicted or corroborated by other witnesses or circumstances.'"*

And the court said:

"The words italicized, it is insisted by counsel for appellant, are prejudicial, for the reason that the defendant is singled out and the attention of the jury is particularly directed to his credibility as a witness. We think the better rule for the court to follow is not to single out any special witness personally and burden his testimony with any suggestions which might indicate to the jury that in the opinion of the court such witness was liable to testify falsely. Instructions as to the credibility of a witness should be general, and apply equally to all of the witnesses for the state and the defendant alike. Because a witness may be the defendant is no particular reason why he should be visited with condemnation upon the one hand or clothed with sanctity upon the other. He is before the court as a witness and should be treated by both the court and the jury just as other witnesses are treated, no better and no worse. And the giving of such instruction cannot be regarded as otherwise than erroneous."

It will be noticed that the instructions considered in *State v. Webb, supra,* and *State v. Rogers, supra,* both specifically instructed as to the testimony of *defendant.* Herein they were generally instructed as to *witnesses.* In the instruction given herein, the court did not in any manner single out the testimony of defendants, and it applied as well to any other witness as to them. See, also, *State v. Foyte,* 43 Ida. 459, 252 Pac. 673; *State v. Smith,* 46 Ida. 8, 265 Pac. 666.

In the Rogers case, the court said:

"Instructions as to the credibility of a witness should be general, and apply equally to all of the witnesses for the state and the defendant alike."

That is exactly what the first paragraph of the instruction in this case does, and it was neither prejudicial nor erroneous. The last paragraph of the instruction has been held to properly state the law. (*State v. Waln,* 14 Ida. 1, 80 Pac. 221; *State v. Boyles,* 34 Ida. 283, 200 Pac. 125; *State v. Dong Sing,* 35 Ida. 616, 208 Pac. 860; *State v. Muguerza,* 46 Ida. 456, 268 Pac. 1; *State v. Alvord,* 47 Ida. 162, 178, 272 Pac. 1010; *State v. McPherson, supra.*) In *Bennett v. State,* 147 Okl. 14, 294 Pac. 149, cited by appellants, the instruction considered therein was held erroneous for the reason that the instruction did not limit false testimony to that wilfully and intentionally given; did not require it to be as to a material matter, and failed to require that the corroborating testimony be credible. All these elements are in the instruction herein. The instruction was proper.

Complaint is made as to a portion of Instruction No. 6, appellants contending that, in effect, it reverses C. S., sec. 8944, and requires appellants to establish their innocence rather than requiring the state to establish their guilt. An identical instruction was considered in *State v. Dong Sing, supra,* and while criticised, was held not erroneous.

Assignment No. 6 complains of this portion of Instruction No. 5:

"All presumptions of law, independent of evidence, are in favor of innocence, and a man is presumed to be innocent until he is proved to be guilty beyond a reasonable doubt," citing *People v. Maughs,* 149 Cal. 253, 86 Pac. 187, wherein the instruction criticised did not contain the words, "until he is proved to be guilty beyond a reasonable doubt," which makes the authority inapplicable as condemning the instruction given herein. The instruction given is supported by *State v. Bubis,* 39 Ida. 376, 227 Pac. 384.

Appellants complain of Instruction No. 9, contending that it limits the presumption of innocence to those defendants who are innocent, and excludes its application to defendants who are guilty. It follows:

"The rule of law, which clothes every person accused of crime with the presumption of innocence, and imposes upon the state the burden of proving his guilt beyond a reasonable doubt, is not intended to aid any one who is in fact guilty to escape, but is a humane provision of law, intended, so far as human agencies can, to guard against the danger of an innocent person being unjustly punished."

An instruction substantially the same in meaning was considered in *State v. Gilbert*, 8 Ida. 346, 351, 1 Ann. Cas. 280, 69 Pac. 62, and held not prejudicial. (See, also, *State v. Hanlon*, 38 Mont. 557, 100 Pac. 1035; 16 C. J., p. 535, sec. 1007.)

There was no error in refusing to give requested Instruction No. 1. C. S., sec. 8074, defines "person," and a corporation is included in the definition. The instruction has no relation to the facts of the case, and was merely an instruction upon an abstract principle of law, and the refusal was not error. (*State v. Williams*, 36 Ida. 214, 209 Pac. 1068; *State v. Chacon*, 37 Ida. 442, 216 Pac. 725; *Moreland v. Mason*, 45 Ida. 143, 260 Pac. 1035; *State v. Brace*, 49 Ida. 580, 290 Pac. 722.)

Requested Instruction No. 2 was erroneous. The subject of malice was correctly and sufficiently covered by Instructions Nos. 10 and 11, as given by the court. To constitute malice, it is not necessary that the defendant know the owner of the property. (*People v. Jones*, 241 Ill. 482, 16 Ann. Cas. 332, 89 N. E. 752; *Commonwealth v. Hosman*, 257 Mass. 379, 154 N. E. 76.)

Appellants' requested Instruction No. 3 was sufficiently covered by Instructions Nos. 12 and 13 as given.

Appellants' requested Instruction No. 4 improperly commented on the evidence, and thus being in part incorrect, was rightfully refused. (*State v. Boykin*, 40 Ida. 536, 234 Pac. 157.)

Requested Instruction No. 6 was sufficiently covered by Instruction No. 13 when read in connection with the other instructions.

Requested Instruction No. 7, as follows: "The court instructs you that, where motive is sought to be established by circumstantial evidence merely, the circumstances shown must bear such relation to the facts as to be capable of creating the given state of mind of the defendants which is sought to be established, that is to say, that even though you find from the evidence, beyond a reasonable doubt, that on the night of the 12th of January, 1931, a poisonous substance was administered or exposed to certain foxes the property of the Snake River Fox Ranch, a corporation, then, and in that event, the state must not only prove that there was a motive, but what the motive was, and if the state has failed to prove that there was a motive and what the motive was you should acquit the defendants,"—is not the law, and was properly refused. (*State v. McLennan,* 40 Ida. 286, 231 Pac. 718; *State v. McClurg,* 50 Ida. 762, 789, 300 Pac. 898.) It was not necessary herein for the state to prove a motive or what the motive was. The rule is stated in 16 C. J., p. 78, sec. 43, to be:

"In a criminal prosecution the state is not required to prove a motive for the crime, if, without this, the evidence is sufficient to show that the act was done by the accused," and with regard to an instruction: "If the offense is made out clearly, it is not necessary to prove motive, and the court properly may so charge, or may refuse a request to charge to the contrary." (16 C. J. 970.)

Appellants complain of the admission of the testimony of Harry Meppen, the sheriff, in regard to admissions made by each of the defendants without the presence of the other.

Admissions made by one defendant are admissible in a joint trial to prove the guilt of such defendant. (*State v. Wilson, ante,* p. 659, 9 Pac. (2d) 497, filed March 21, 1932.) The court instructed the jury to limit the admissions to the party making them, and appellants have suffered no prejudice.

Appellants' last specification is that the court erred in overruling the motion for new trial, for the reasons: 1. That a portion of the trial was had in the absence of defendant, Sarah Farnsworth; 2. That the verdict was not a fair expression of the opinion of all the jurors; 3. That there were errors in matters of law, and in refusal to properly instruct; and 4. That the verdict is contrary to law and evidence, and insufficient to warrant a judgment of conviction.

The defendant, Sarah Farnsworth, was absent from the courtroom a short time due to illness, and the only material matter that occurred during her absence was a motion to strike made by her counsel, who, at the time of making the motion knew she was not in court. The only other proceeding had which was outside the presence of the jury was the examination of two doctors, in which counsel for appellants participated, to ascertain whether or not she was able to return to the trial. Counsel for appellant did not object to these proceedings. The motion to strike was later renewed in the presence of defendant, Sarah Farnsworth. There was no showing of any prejudice.

Appellants' contention on motion for new trial that the verdict was not a fair expression of the opinion of all the jurors, attempted to be shown by the affidavits of the two jurors and counsel, is of no merit. It is the settled rule in this state that on motion for new trial, the jury may not impeach its verdict by affidavits of the members, with the exception that the verdict was arrived at by chance. (*State v. Jester*, 46 Ida. 561, 270 Pac. 417; *State v. Boykin*, 40 Ida. 536, 234 Pac. 157; *State v. Abbott*, 38 Ida. 61, 213 Pac. 1024, affirmed on rehearing, 38 Ida. 61, 224 Pac. 791.)

Counsel complains that the court disregarded the jury's recommendation for leniency. A recommendation for leniency, though entitled to great consideration, is not binding on the court, and may be disregarded, or regarded by it as surplusage. (*State v. Sweat*, 159 La. 769, 106 So. 298; *State v. Stewart*, 189 N. C. 340, 127 S. E. 260. See, also, 16 C. J., pp. 1110, 1111, sec. 2601.)

The question arises as to whether the court had the right to sentence Arthur Farnsworth to the penitentiary as for a felony, and Sarah Farnsworth to the county jail as for a misdemeanor, appellant contending that such situation is ludicrous. As above pointed out, the acts denounced by the statute constitute a felony if the maximum sentence is given by the court. However, the pronouncement of sentence is a matter within the sound discretion of the court, and in the absence of any abuse of such discretion this court will not reverse a judgment. As this court said in *State v. Kruger*, 7 Ida. 178, 183, 61 Pac. 463:

"In regard to the action of the trial court in pronouncing sentence in this case, we can only say the statute fixes the limits of punishment for. the offense of which a defendant has been convicted, and within the limits so prescribed the trial court has discretion, and we do not think that the exercise of such discretion is reviewable in this court."

See, also, *Feinberg v. United States*, 2 Fed. (2d) 955, 958; *Harris v. State*, 142 Miss. 342, 107. So. 372; *State v. Miglin*, 101 Conn. 8, 125 Atl. 250; *Camarota v. United States*, 2 Fed. (2d) 650.

The legislature provided the penalties, and the court had discretion as to which penalty was to be inflicted. The trial court acted within his discretion, since he fixed the penalties within the limits provided by C. S., sec. 8541.

We conclude from a careful perusal of the record that the evidence is sufficient to sustain the verdict and judgment. The judgment should be affirmed, and it is so ordered.

Lee, C. J., and Budge, Varian and Leeper, JJ., concur.

Petition for rehearing denied.