206 P.2d 271

## STATE v. DAVIS.

### No. 7511.

Supreme Court of Idaho.

May 14, 1949.

Delana & Delana, of Boise, for appellant.

Robert E. Smylie, Atty. Gen., J. R. Smead, Asst. Atty. Gen., and James W. Blaine, Pros. Atty., of Boise, for Ada County, for respondent.

HOLDEN, Chief Justice.

Appellant was charged with and tried and convicted of stealing a 1942 Chevrolet sedan owned by one J. A. Percy. On the trial he defended upon the ground he purchased the automobile from one Frank E. Carlson, and for the full value thereof, and without any knowledge or information the automobile had been stolen. On appeal he contends the evidence is not sufficient to prove him guilty. We have fully and carefully examined the record. While the evidence against the appellant is circumstantial, it is, nevertheless, most convincing, if believed. The jury were not bound to believe the testimony of any witness or witnesses. It was their duty to search for the truth, believing only such testimony as carried conviction of truth to their minds. State v. McPherson, 49 Idaho 687, 291 P. 313. In other words, the jury are the exclusive judges of the credibility of witnesses and weight of the evidence. State v. Vanek, 59 Idaho 514, 84 P.2d 567; State v. Gilbert, 65 Idaho 210, 215, 142 P.2d 584; State v. Farnsworth, 51 Idaho 768, 775, 10 P.2d 295; State v. McPherson, supra, 49 Idaho 687, 689, 690, 291 P. 313.

Nor is there any merit in appellant's contention the trial court erred in re-

fusing to permit him to immediately examine state's witness Denney, for the purpose of showing Denney was not physically present at the time of a sale of a car to a Mr. Davis by the Owyhee Cab Company. While the court denied appellant immediate permission to examine Denney about that matter it advised appellant he could examine into the matter on cross-examination. And, furthermore, on cross-examination appellant developed the fact the witness was not present at the time of the sale.

During the course of the trial the state called E. H. Broadbent. He testified he was chief clerk of the Idaho Department of Law Enforcement; that in his capacity as chief clerk he had the custody of all titles of motor vehicles issued by the state; that certain photostatic copies of original records of his office were made under his supervision or direction. Over objections by appellant the court permitted Broadbent to explain what certain records of his office were and to clarify certain exhibits which were somewhat blurred. The overruling of these objections is assigned as error. 32 C.J.S., Evidence, § 645, p. 509, states the rule thus:

"A public record or document offered in evidence may be explained by its custodian.

"Where a public record or document is offered in evidence, the custodian thereof may tell the jury, ore tenus, what is the true entry, if the writing cannot be easily read, or, by the custom of the office, some sign is used to supply the place of an omitted word."

We come now to appellant's contention the trial court erred in refusing to give the jury the following requested instruction:

"You are instructed that before you can find a defendant guilty of the crime charged, based on circumstantial evidence, you must find beyond a reasonable doubt that the circumstances are consistent with the guilt of the defendant, and inconsistent with his innocence, and incapable of explanation or any other reasonable hypothesis than that of guilt."

While the trial court gave the usual instructions on reasonable doubt it gave no instruction on circumstantial evidence. Appellant, therefore, insists the court committed reversible error by refusing to give his requested instruction. He points out the above quoted requested instruction follows in substance the language of this court in State v. Marcoe, 33 Idaho 284, 286, 193 P. 80, where this court said:

" * * * the circumstances must be consistent with the guilt of the defendant and inconsistent with his innocence, and incapable of explanation on any other reasonable hypothesis than that of guilt."

And appellant also points out his requested instruction is in almost the identical language used by this court in State v. McLennan, 40 Idaho 286, 231 P. 718, 723. We quote:

"In order to sustain a conviction based solely on circumstantial evidence, the circumstances must be consistent with the guilt of the accused and inconsistent with his innocence, and incapable of explanation on any other reasonable hypothesis than that of guilt."

It is true the trial court gave the jury the following instruction:

"Instruction No. 7a.

"You are instructed that where the evidence can be reconciled, either with the theory of innocence or of guilt, the law requires that you adopt the theory of innocence."

But appellant directs our attention to People v. Rayol, 65 Cal.App.2d 462, 150 P.2d 812, 813, where the trial court gave the jury a much more complete instruction than that given by the trial court in the case at bar. We quote:

" 'There are two classes of evidence recognized and admitted in courts of justice, upon either of which juries may lawfully find an accused guilty of crime. One is direct evidence, which is the direct testimony of any eyewitness to a transaction, and the other is circumstantial evidence, which includes all evidence other than that of an eyewitness. Such evidence may consist of any acts, declarations or circumstances admitted in evidence tending to prove the crime charged or tending to connect the defendant with the commission of the crime.

" 'If upon consideration of the whole case you are satisfied to a moral certainty and beyond a reasonable doubt of the guilt of the defendant, you should so find, irrespective of whether such certainty has been produced by direct evidence or by circumstantial evidence. The law makes no distinction between circumstantial evidence and direct evidence in the degree of proof required for conviction but only requires that the jury shall be satisfied beyond a reasonable doubt by evidence of either the one character or the other, or both.

" 'If the evidence in this case is susceptible of two constructions or interpretations, each of which appears to you to be reasonable, and one of which points to the guilt of the defendant, and the other to his innocence, it is your duty, under the law, to adopt that interpretation which will admit of the defendant's innocence, and reject that which points to his guilt.

" 'You will notice that, in this instruction, this rule of law is made applicable to cases in which there are two opposing interpretations, each of which appears to you to be reasonable.

" 'This rule of law does not apply in a case where there are two opposing constructions sought to be placed upon the evidence, one of which appears to you to be reasonable and the other to you appears to be unreasonable.

" 'In the latter case it would be your duty, under the law, to adopt the reasonable con-

struction and reject the one which, in your judgment, appears to be unreasonable.'"

Having quoted the above instructions, the California Court of Appeals continued:

"These instructions are identical with those considered by this court in People v. Hatchett, 1944, 63 Cal.App.2d 144, 146 P.2d 469. They were there fully analyzed, and their insufficiency, where the conviction rests on circumstantial evidence, logically demonstrated. In holding that these instructions were not a sufficient statement of the law on this subject, Mr. Justice Shinn said (63 Cal.App.2d at page 155, 146 P.2d at page 474): 'To the legally trained mind the doctrine of reasonable doubt has a scope much broader than would be easily understood by inexperienced jurors. The rule under which circumstantial evidence is to be weighed is not one which would be suggested to the lay mind by instructions that doubts are to be resolved in favor of the accused. This is sufficiently proved by the fact that through long experience it has become an established practice in the courts to state the rule in distinct and specific form, to serve as an easily understood and safe guide for juries in weighing the sufficiency of circumstantial evidence. Simplicity in the statement of legal principles adds greatly to their efficacy; statements of abstract principles which leave the jury in doubt as to their proper application tend toward confusion. Neither the statement in and instruction that the guilt of the defendant must be established beyond a reasonable doubt, nor the statement that as between two opposing reasonable inferences the one which is consistent with innocence must be preferred to the one tending to show guilt, satisfies the right of the defendant to have the jury instructed that where circumstantial evidence is relied upon by the People it must be irreconcilable with the theory of innocence in order to furnish a sound basis for conviction.'"

■■ Inasmuch as the state in the case at bar relied for conviction upon circumstantial evidence (there being no eyewitness to the alleged theft of the car), and, further, and inasmuch as the trial court did not give the jury an instruction on circumstantial evidence, appellant having requested an instruction correctly stating the law as held by this court in State v. Marcoe and State v. McLellan, supra, the trial court should have either given the requested instruction or a similar instruction correctly stating the law applicable to circumstantial evidence. We are in complete accord with the California court in People v. Rayol, supra, that "Neither the statement in an instruction that the guilt of the defendant must be established beyond a reasonable doubt, nor the statement that as between two opposing reasonable inferences the one which is consistent with innocence must be preferred to the one tending to show guilt, satisfies the right of the defendant to have the jury instructed that where circumstantial evidence is relied upon by the People it must be irreconcilable with the theory of innocence

in order to furnish a sound basis for conviction."

Hence, the judgment must be reversed, and it is so ordered, with directions to the trial court to grant a new trial.

GIVENS, PORTER, TAYLOR, and KEETON, JJ., concur.