## L. Levine v. The State.

*No. 812.    Decided March 28th, 1896.*

**1.  Bill of Exceptions to Excluded Evidence.**

A bill of exceptions saved to the exclusion of evidence, to be sufficient, should state the reason and purpose for which the evidence was sought to be introduced.

**2.  Same.**

Where the judge, in his explanation to a bill of exceptions reserved to the exclusion of evidence, states that the witness would not testify as stated in the bill; and there is no exception to the bill, as thus prepared by the judge, his explanation will be taken as true, and if true, the defendant could not be heard to complain.

**3.  Keeping Open Saloon on Sunday—Examination of Defendant as a Witness.**

On a prosecution for keeping a saloon open on Sunday, it is not error to permit the County Attorney, on cross-examination of defendant, as a witness, to ply him with questions showing that he had no regard for the Sunday law, and was in the habit of violating it.

**4.  Same.**

On a prosecution for keeping open a saloon on Sunday, it is competent, on cross-examination of defendant, as a witness, and for the purpose of discrediting him, to ask him, "How many times have you been convicted for violating the liquor and Sunday law?"

**5.  Improper Remark and Argument of Counsel—Practice on Appeal.**

On appeal, this court will not revise alleged improper remarks and argument of counsel, where the defendant has failed to request the court, by a written charge, prepared and presented for that purpose, to eliminate such remarks and argument from the consideration of the jury.

**6.  Same—Charge—"Traffic."**

On a trial for keeping a saloon open on Sunday, where the court instructed the jury, that if defendant kept the saloon open on Sunday for purpose of traffic, to con-

vict; and told them that "traffic," as employed in the charge, had its usual and commonly accepted meaning. Held: This is a word, the meaning of which is so well understood that it was not necessary for the court to further define it.

APPEAL from the County Court of Navarro. Tried below before Hon. M. L. SHELTON, County Judge.

This is an appeal from a conviction for keeping open a liquor saloon for traffic on Sunday, the punishment being assessed at a fine of $30.

As far as necessary, to be understood in connection with the points discussed, the opinion sufficiently states the facts. The State's witness, McKinney, testified to defendant having his saloon open, and to his having bought beer and whiskey from defendant, in his saloon on the Sunday in question.

*Croft & Croft*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

[No briefs found with the record.—Reporter.]

HENDERSON, JUDGE.—Appellant was convicted of keeping open his liquor saloon for traffic on Sunday, and fined $30. On the trial of the case, appellant offered to prove by the witnesses, Daniels and Goldman, in substance, that Walter McKinney, the prosecutor, had told them that he knew nothing against appellant; that appellant owed him for five days' witness fees, and would not pay him, and that he intended to file complaints enough against appellant to run him out of town, etc. The State, it appears, objected to this testimony on the ground that a predicate had not been laid for the introduction of this testimony while Walter McKinney was on the stand, and that he was recalled for the purpose of laying such predicate. The court sustained the objection of the State. Appellant does not state the reason for the admission of this testimony, nor for what purpose he desired to introduce it. His bill in this respect is entirely silent. As has been repeatedly held, his bill of exception should have pointed out the purpose for which this testimony was sought to be introduced. There is one ground, it occurs to us, on which said testimony may have been admissible; that is, to impeach the witness, McKinney. But the bill fails to show what said witness had testified to. This it should have done, and then it should appear that the contradictory evidence was upon a material issue. It may have been admissible on other grounds, and it may have been offered by appellant on some admissible ground, or it may have been offered by him on some plausible reason, or on some ground on which it was not admissible. Because testimony is admissible for some purpose, it does not follow that it is introduced for such purpose, and it may not occur to the court before whom the testimony is presented, that it is admissible. Hence the object and purpose of the testimony should be stated to the court, in order that the lower court may be enabled to rule correctly as to its admissibility, and, if the evidence be rejected, this purpose should be stated in the bill of exceptions. See, May v. State, 25 Tex. Crim. App., 114;

Walker v. State, 28 Tex. Crim. App., 503; Graham v. State, 28 Tex. Crim. App., 582; Schoenfeldt v. State, 30 Tex. Crim. App., 695. But, concede that the testimony above stated was obviously admissible for some purpose, and that the court, without suggestion, ought to have appreciated its admissibility, and have allowed it, yet the bill of exceptions, in connection with the explanation appended thereto by the court, shows that said witnesses would not testify as stated. How the court ascertained this fact is not stated. But the fact is certified to, and we no not feel authorized to go behind the certificate of the judge in this respect. It often occurs that when a proposition is made to prove certain facts by witnesses, the jury is withdrawn, and the court hears the testimony. Such may have been the practice in this instance. We are not so informed, but the certificate of the judge shows that said witnesses would not testify as alleged. No exceptions are taken to the bill of exceptions as prepared in this shape, and it comes to us in the form as stated, and we are bound to take it as true. This certificate itself effectually disposes of this question.

Appellant also insists that the court committed an error in allowing the County Attorney to ply the defendant, when he was on the stand, with certain questions, on his cross-examination. These questions were intended to show that the appellant had no regard for the Sunday law, and was in the habit of violating it. But the witness answered in the negative; so we see no error in this. Appellant also complains because the County Attorney was permitted to ask the appellant, "How many times have you been convicted for violating the liquor and Sunday law?" This, we think, was a legitimate question. Appellant was on trial for violating these laws, and the purpose of the testimony was to discredit the defendant as a witness. While no charge was given on this subject limiting the testimony to that purpose, yet none was asked, and this was necessary in a misdemeanor case. The remarks of the County Attorney, in the closing argument, were objected to; and the court, when the matter was called to his attention, should have confined counsel to the record. It was the duty of the appellant, if he desired it, to request the court by a written charge, prepared and presented for that purpose, to eliminate said remarks from any consideration by the jury. This was not done, and in the absence of such requested charge this court will not revise the matter. See, Kennedy v. State, 19 Tex. Crim. App., 618; Young v. State, Id., 536; Comer v. State, (Tex. Crim. App.) 20 S. W. Rep., 547; Wilson v. State, 32 Tex. Crim. Rep., 22; Norris v. State, 32 Tex. Crim. Rep., 172; Rahm v. State, 30 Tex. Crim. App., 310; Maxwell v. State, 31 Tex. Crim. Rep., 119. The court charged the jury, if they believed the defendant kept his saloon open for the purpose of "traffic" on Sunday, to convict him, etc. In this connection the court further told the jury "that the term 'traffic,' as employed, has its usual and commonly accepted meaning." Mr. Webster defines the word "traffic" to mean "to sell; to buy; to trade; to pass goods and commodities from one person to another for an equivalent in goods or money."

This is a word the meaning of which is so well understood that it was not necessary for the court to further define it. This view disposes of the special charge asked by the appellant. The judgment is affirmed.

*Affirmed.*