7079

### STATE *v.* SMALL.

SALE OF LIQUORS.—Taking an order in a town in this State whose ordinance forbids the sale of whiskey therein, for one gallon of liquor, accepting the purchase money and giving a receipt in full by an agent of a liquor dealer of a foreign State, who always fills such orders, is a sale of liquor in such town.

*Divided Court.*

Before GAGE, J., Pickens, June, 1907.    Affirmed.

Indictment against L. R. Smalls for selling liquor in the town of Easley in violation of the town ordinance.

Upon conviction by the mayor he appealed to the Court of General Sessions, which affirmed the judgment of the mayor.    He, therefore, appealed to this Court.

*Messrs. Cothran, Dean & Cothran,* for appellant, cite: *Difference between executory and executed contracts:* 24 Ency., 1045, 1050; 112 Fed. R., 269; Benj. on Sales, 324;

3 Strob., 393. *Transaction in question is a mere agreement to sell:* 22 Wall., 180; 30 Mo. App., 163; 71 N. C., 451; 3 L. R. A., 199; 17 L. R. A., 166; 82 Ala., 311; 69 Ala., 348; 72 Ala., 175; 205 U. S., 93; 47 S. C., 229; 17 Ency., 300; 30 S. C., 15; 10 S. W. R., 25; 1 Curt., 244.

*Solicitor J. E. Boggs,* and *Messrs. J. P. Carey* and *John S. Reynolds,* contra. *Mr. Carey* and *Mr. Reynolds* cite: *Sale was completed when the money was received by the appellant:* 21 S. C., 392; 1 Ben. Sales, secs. 329, 330; 17 Ency., 301; 24 Ency., 1068; 11 Am. R., 121; 32 At. R., 229; 22 Am. St. R., 366; 70 Am. Dec., 471; 46 Wis., 201; 17 L. R. A., 181. *The word "traffic" in the ordinance covers this transaction:* 44 Ohio St., 673; 54 N. C., 133; 34 S. W., 969; 53 N. E., 51.

December 5, 1908. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. After judgment of this Court affirming the judgment of the Circuit Court and the mayor of Easley, holding that there was a consummation of a sale of one gallon of liquor, upon application of defendant-appellant, a rehearing was had.

We were inclined at one time to view the appellant's position that there being no delivery of the whiskey after it was paid for, there was no sale; but, upon reflection, we think that our first decision was correct and that there was a sale in contemplation of law; we hold now that it was error in the appellant to hold that there was no sale.

There is no doubt that the defendant, as agent of Shuman & Co., solicited from one Roper the purchase of one gallon of liquor, for which he received payment in full, giving an order on Shuman & Co., of Salisbury, N. C., setting forth the goods sold, the price paid, the mode of shipment, and directing Shuman & Co. to express the same at once. Small, the appellant, in his testimony, admitted

that he represented Shuman & Co., who were in the whis-
key business, took orders and mailed the orders to his
house, which said orders were always filled; the house
never refused to ship liquor so sold.

All the findings of fact by the mayor and the Circuit
Judge sustain the proposition that the sale of intoxicants
was consummated; there was certainly a *scintilla* of evi-
dence, "some material evidence, which, if true, would tend
to establish the issue in the mind of a reasonable juror."
*Taylor* v. *R. R.*, 78 S. C., 552, 556, 59 S. E., 641.

The defendant claims, however, that if all the evidence
be admitted as true, it did not amount in law to a sale; this
cannot be true.

*Pregnall* v. *Miller & Kelly*, 21 S. C., 385, 392: "That
portion of the charge of the Judge in which he held that to
complete a sale, both payment of purchase money and de-
livery of property were necessary, was erroneous. Change
of title takes place when the bargain is struck, and may
pass before payment and before actual delivery; where
property is sold on credit, with possession given, and where
it is sold for cash, and yet left with the vendor for vendee's
convenience, and subject to his control, title changes and
the sale is complete." Benj. Sales, 329; 17 A. and E. Enc.
L. 2d Ed., 301; 24 Ibid., 1068.

*Tyler* v. *Shipman* (Iowa), 11 Am. Rep., 121: "The piv-
otal question in the case is as to where the contract (sale
of liquor) was made. If the agent sold the liquors to the
defendant in Jefferson, and forwarded to his principals a
statement of such sales, for them to fill by forwarding the
liquors specified, then it was an Iowa contract, and if the
plaintiffs had no license to sell such liquors here they
cannot recover."

*Truax* v. *Parvis*, 32 Atl., 227, 229: "Where one party
offers to sell at a certain price, and the other agrees to
give it, there is a complete bargain and sale, and the prop-
erty passes from the bargainor to the bargainee. * * *

But, though the property passes, delivery cannot be required until the money is paid, where the sale is for cash."

*Tufts* v. *Griffin*, 22 Am. St. Rep., 366 (note) : "Upon a valid sale of specific chattels, whether conditioned upon the payment or not, the right of property passes to the vendee, and at his risk it is retained by the vendor."

*Sewell* v. *Eaton*, 70 Am. Dec., 471: "Sale of personal property is complete and passes title to the buyer, although the thing sold has not been measured or the quantity ascertained in any way, when it is apparent that it is the intention of the seller to transfer the title and of the buyer to accept it."

*Fletcher* v. *Ingram*, 46 Wis., 191, 201: "If it clearly appear to have been the intention of the parties that the property should be deemed to be delivered, and the title to have passed, and especially if their acts be inconsistent with any other view, the mere fact that something remains to be done will not govern such intention."

*Commonwealth* v. *Hess*, 17 L. R. A., 176, 181: "The acceptance of the order (for intoxicating liquor) is effective to pass the title as between the vendor and vendee. In such case the vendee has the right of property with the right of possession. Under all the authorities the vendor acts as bailee, and not as owner, in carrying or delivering the goods."

The sale was complete, and it was only as bailee that Shuman & Co. was to ship the liquor. There was no evidence of executory contract here; the intention of the parties was that Roper having paid for the liquor, it should be shipped to him by Shuman & Co. In such case it is purely a question of intention. *Hatch* v. *Oil*, 100 U. S., 131.

This is a criminal prosecution, it is a pure effort on the part of a transgressor of the law to escape punishment. Was this a traffic in whiskey? Unquestionably it was; if

so, the defendant stands guilty as charged. See *Senior* v. *Ratterman,* 44 Ohio St., 673.

. In *Curten* v. *Atkinson,* 54 N. C., 133, it is held: "The word traffic, like trade, comprehends every species of dealing in the exchange or passing of goods or merchandise from hand to hand for an equivalent, unless the retaining may be expected."

That one engaged in the traffic of whiskey is guilty of selling whiskey, is clearly shown in *Levins* v. *State,* 34 S. W., 969. The intention of the parties is clear, and, as said by Mr. Justice Woods in the Assurance case, 76 S. C., 76, 83, "to refuse to regard the intention of all parties concerned, for the sake of an attenuated technicality," should not be upheld.

As remarked by Judge Evans in *Dillard* v. *Brian,* 5 Rich., 495, 507: "I always suspect the correctness of any legal principle which leads to absurd conclusions," and as is said by the United States Supreme Court in *Gates* v. *Bank,* 100 U. S., 239: "The legislative intent clearly expressed should not be defeated by too rigid an adherence to the mere letter of the statute, nor an interpretation adopted which leads to absurd consequences."

We hold, therefore, that the judgment of the Circuit Court should be, and the same is hereby, affirmed.

MESSRS. JUSTICES GARY *and* WOODS *dissent.*