(No. 5181.   October 24, 1928.)

STATE, Respondent, v. SAMSON BASINGER, Appellant.

[271 Pac. 325.]

Solon B. Clark, for Appellant.

Frank L. Stephan, Attorney General, and Leon M. Fisk, Assistant Attorney General, for Respondent.

BUDGE, J.—Appellant was accused by information of the crime of grand larceny, in that he did "steal, take and drive away, one two year old steer," etc., to which he entered a plea of not guilty. He was found guilty by a jury, but, before pronouncement of sentence, interposed a motion in arrest of judgment upon the ground that the information failed to state a public offense in that it did not charge him with "feloniously" stealing the animal in question. The motion was overruled and appellant was sentenced to serve a term of imprisonment in the state penitentiary. He appeals from the judgment of conviction.

In addition to assigning as error the overruling of the motion in arrest of judgment and the passing of judgment and sentence, appellant raises in his brief the question of the sufficiency of the evidence to support the verdict, and also contends that the trial court erred in permitting parol

evidence to be introduced to prove ownership of a brand found on the hide of the steer. We were given to understand upon the argument that the only point appellant desired to stress is that with reference to the information. Even so, we are satisfied, from a careful review of the record, that the evidence, though conflicting, is not subject to objection on the ground of insufficiency to support the verdict. Both the state's theory and that of appellant's as to the taking of the steer, which fact of itself is not disputed, were clearly presented to the jury, and, it having chosen to believe the evidence offered by the prosecution, sufficient to authorize a verdict of guilty, we are not in a position to disturb the jury's finding.

As to the admission of parol evidence in regard to the brand found on the hide of the steer after it had been butchered by appellant, it may be freely conceded that to admit such evidence strictly for the purpose of proving ownership of a brand is not permissible, under the provisions of C. S., sec. 1927, but such was not the purpose in this case but rather was it to establish the identity of the animal claimed to have been stolen. Proof of the ownership of the brand was not material, and the line of questions asked with reference to the brand, among which is the particular one the overruling of an objection to which appellant contends is error, clearly indicates the intention to prove ownership of the animal. The rule and its application to the facts herein, assuming the offered proof with reference to the recordation of the brand was properly excluded, is succinctly stated in *State v. Dunn*, 13 Ida. 9, 16, 88 Pac. 235, as follows:

"Without a compliance with the branding law, a man may still prove ownership of an animal marked with an unrecorded brand, but he may not be heard in court to say that he is the owner of such brand or that he has any property right therein."

It is appellant's principal contention that the information failed to state a public offense for failure to allege that he did "feloniously" steal, take and drive away the animal in question. He relies upon the wording of the

statute, C. S., sec. 8426, defining larceny as the "felonious stealing, taking, carrying, leading, or driving away the personal property of another," and takes the position that in the absence of the word "feloniously" there is nothing in the information to show a criminal intent.

It is fundamental in this state that the charging part of an information or indictment will withstand attack if on its face it be sufficient to advise the defendant of the nature of the charge against him, and describes the offense with such particularity as to serve as a shield in case of a second prosecution for the same offense; or, stated differently, if the act or acts constituting the offense be set forth in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended. Also, it is provided by statute (C. S., secs. 9084, 9191), that, after hearing an appeal, this court must give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties; and that neither a departure from the form or mode prescribed by the criminal code in respect to any pleading or proceeding, nor an error or mistake therein, renders it invalid unless it has actually prejudiced the defendant or tended to his prejudice in respect to a substantial right. Thus, the question in this case amounts to a determination of whether or not appellant, who must be presumed to be a person of common understanding, was sufficiently advised of the nature of the charge against him by the words in the information that he did, upon a certain date and at a place stated, "steal, take and drive away, one two year old steer, color red, said animal being then and there the personal property of" another. We can think of no better answer to the question than to quote from the decision of the supreme court of California in *People v. Lopez,* 90 Cal. 569, 27 Pac. 427, wherein the same contention was made as in the case at bar under a statute defining larceny identical to ours:

"The word 'steal,' as here used, has, as will be hereafter shown, a fixed and well-defined meaning, and is perhaps,

in its common every-day use and general acceptation, as well understood as any word in the English language. Webster defines it, 'to take and carry away feloniously, as the personal goods of another,' quoting Blackstone. The same definition is substantially given in all the standard law dictionaries, some of them giving 'larceny' as a synonym, and it is used with the same meaning in the following among other sections of the Penal Code: Section 492 (same as C. S., sec. 8434) relates to how the value of a thing stolen may be ascertained; section 496 (similar to C. S., sec. 8438) to receiving stolen 'property, knowing the same to be stolen; and section 497 (same as C. S., sec. 8439) provides that 'every person who, in another state or county, steals the property of another, . . . . and brings the same into this state, may be convicted and punished in the same manner as if such larceny . . . . had been committed in this state.' To therefore contend that the defendant, who must be presumed to be a person of common understanding, did not know what was intended when he was charged by the information with stealing another man's horse, is simply preposterous. Testing the sufficiency of this information by the application of the foregoing rules, we are forced to the conclusion that where the word 'feloniously' is omitted from, and the word 'steal' employed in, the charging part of an information for grand larceny, it will be understood as charging the criminal intent with which the act was committed, and the offense, when so charged in an information or indictment, will be deemed to be substantially charged in the language of the Code. And an indictment or information for larceny which contains both or either of those words will be held valid if found to be sufficient in all other respects. It therefore follows that, as the omission of the word 'feloniously' from the information herein did not tend to the prejudice of a substantial right of the defendant, the judgment appealed from should be affirmed. . . . . ''

*People v. Lopez, supra,* is recognized as a leading case on this question and has been cited in decisions from a number of other jurisdictions. Among the decisions sustaining the

same view are: *State v. Minnick,* 54 Or. 86, 102 Pac. 605; *Cason v. State,* 16 Ga. App. 820, 86 S. E. 645; *State v. Uhler,* 32 N. D. 483, 156 N. W. 220; *State v. Halpin,* 16 S. D. 170, 91 N. W. 605. The reasoning and holdings of these cases are considered sound, and applicable to the instant case; and while we do not commend such an information as a model, we hold it sufficient after conviction, appellant having failed to show any prejudice or that any of his substantial rights were affected by reason of the omission complained of. The judgment accordingly is affirmed.

Wm. E. Lee, C. J., and Givens and Taylor, JJ., concur.