173 P.2d 519

## MOLLENDORF v. STATE.

No. 7288.

Supreme Court of Idaho.

Oct. 7, 1946.

Rehearing Denied Oct. 23, 1946.

152

J. H. Felton, of Moscow, for respondent.

Wm. D. Keeton, of St. Maries, for appellants.

BUDGE, Justice.

September 4, 1945, Helen I. Mollendorf was charged in a criminal complaint filed in the Probate Court of Benewah County, as follows:

"Personally appeared before me on this 4th day of September A.D., 1945, Mansfield Shepherd who, being first duly sworn, on oath complains and says: 'That the crime of a misdemeanor, to-wit: unlawful

traffic in alcoholic liquor has been committed by Helen I. Mollendorf as follows, to-wit:

"The said Helen I. Mollendorf on or about the 1st day of September, A.D., 1945, at and in the County of Benewah, State of Idaho, she then and there being did then and there knowingly, willfully, intentionally, unlawfully have in her possession, transport, sell and dispose of alcoholic liquor, to-wit: whiskey, and did then and there sell and dispose to one Quintin E. Sampont, a quantity of spirits and alcoholic liquor, to-wit: whiskey contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Idaho.

"Wherefore, complainant prays that a warrant be issued for the arrest of the said Helen I. Mollendorf and that she be dealt with according to law."

On the same date a warrant of arrest was duly issued by the probate judge and delivered to Mansfield Shepherd, directing said sheriff to forthwith arrest the within named Helen I. Mollendorf "and bring her before me at my office in the town of St. Maries, in said County, or in the case of my absence or inability to act, before the nearest or most accessible Magistrate in this County." Whereupon Helen I. Mollendorf was duly arrested, by execution of said warrant, on the 4th day of September, 1945, and taken before the probate judge. Thereafter she was duly arraigned, informed of her legal rights,

the nature of the offense charged against her, and she entered her plea of guilty to the offense, waived the time for the pronouncement of sentence, whereupon the court pronounced sentence and entered the following judgment:

"Whereupon, the court being advised in the premises finds that you, Helen I. Mollendorf, are guilty of the charge of unlawful traffic in alcoholic liquor as you have confessed you are guilty, and it is the Judgment and Sentence of this court that you pay a fine of $250.00 and that you further pay the costs and disbursements of this action, assessed in the sum of $5.40, and that in lieu of payment of such fine and costs, that you be confined in the Benewah County jail one day for each $2.00 of said fine and costs until the same have been fully paid. * * *"

Thereafter the following commitment was issued:

"The State of Idaho to the Sheriff of the County of Benewah:

"An order having been this day made by me that Helen I. Mollendorf be held to answer upon a charge of a misdemeanor, to-wit, unlawful traffic in intoxicating liquors committed on or about the 1st day of September A.D., 1945, in the County of Benewah, State of Idaho, pursuant to the judgment attached. Fine $250.00, Costs $5.40.

"You are commanded to receive her into your custody and detain her until she is legally discharged, by payment of fine

and costs, or being imprisoned in the Benewah County jail at the rate of $2.00 per day until the fine and costs are paid."

Upon the pronouncement of the judgment and before the execution of the commitment, Helen I. Mollendorf delivered to the probate judge a check for $255.40, fine and costs. September 13, 1945, the check was presented to the bank for payment, and payment refused, the bank having been notified by Helen I. Mollendorf to stop payment on the check. Thereafter a second commitment was duly issued, whereupon Helen I. Mollendorf was confined in the county jail to be there detained until the payment of the fine and costs heretofore referred to.

Respondent filed a petition for writ of habeas corpus in the District Court of the Eighth Judicial District, for Benewah County, in which she alleged, inter alia, as grounds for the issuance of said writ that her imprisonment was illegal: (1) That the criminal complaint does not charge the commission of any crime; (2) that the judgment does not find petitioner guilty of any crime; (3) that the fine and costs, if any were due under such proceedings, were paid by check, and, when such check was accepted, constituted payment and settlement in full of such judgment, and that the commitment issued thereafter was illegally issued upon a judgment which was already fully settled and paid; (4) that the furnishing of whiskey to the said Helen I. Mollendorf

by the sheriff after her arrest rendered void all future proceedings thereunder until such time as petitioner was fully recovered from the effects thereof.

September 8, 1945, an order was issued by Hon. Oliver C. Wilson, District Judge, directing the clerk to issue a writ of habeas corpus in pursuance of the petition, returnable before Hon. A. L. Morgan, District Judge, designated to preside as Judge of the Eighth Judicial District, in the courtroom at Coeur d'Alene, Kootenai County, at 10:30 a. m., Friday, November 16, 1945; said writ was served upon the sheriff of Benewah County November 13, 1945, commanding him to "have the body of Helen I. Mollendorf, by you imprisoned and detained, * * * together with the time and cause of such imprisonment and detention, before the Honorable A. L. Morgan, District Judge, * * * in the court room of said court in Coeur d'Alene, * * * on the 16th day of November, 1945, at 10:30 o'clock A.M., * * * and have you then and there this writ, with your return endorsed thereon or annexed thereto." November 14, 1945, the sheriff filed his answer and return to the writ. November 16, 1945, the matter came on for hearing before Judge Morgan; at the conclusion of the hearing counsel was given time within which to file additional briefs and "that in the meantime, pending the final submission of the case the defendant will be released upon her own recognizance, she at all times to hold herself

amenable to the order of the court." December 15, 1945, Judge Morgan made the following order:

"* * * It appears to the court that Helen I. Mollendorf was illegally imprisoned and detained by you. [Sheriff of Benewah County.]

"You are therefore commanded not to interfere with or detain the said Helen I. Mollendorf further upon process and matters set forth in her petition, and Helen I. Mollendorf is unconditionally released from further imprisonment."

From which order this appeal was prosecuted.

There are other immaterial facts included in the record which we deem unnecessary to refer to.

■ In limine, it might be well to call attention to the case of State v. Basinger, 46 Idaho 775, 778, 271 P. 325, 326, wherein the following language is used:

"It is fundamental in this state that the charging part of an information or indictment will withstand attack if on its face it be sufficient to advise the defendant of the nature of the charge against him, and describes the offense with such particularity as to serve as a shield in case of a second prosecution for the same offense; or, stated differently, if the act or acts constituting the offense be set forth in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended. Also, it is provided by statute. (C.S. §§ 9084, 9191), [now secs. 19-2719, 19-3602, I.C.A.] that, after hearing an appeal, this court must give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties, and that neither a departure from the form or mode prescribed by the criminal code in respect to any pleading or proceeding, nor an error or mistake therein, renders it invalid unless it has actually prejudiced the defendant or tended to his prejudice in respect to a substantial right." See, also, State v. Farnsworth, 51 Idaho 768, 10 P.2d 295; State v. Jurko, 42 Idaho 319, 245 P. 685; State v. McLennan, 40 Idaho 286, 231 P. 718; State v. Hunsaker, 37 Idaho 413, 216 P. 721; State v. Mickey, 27 Idaho 626, 150 P. 39.

■ It is urged by respondent that the complaint does not charge the commission of any crime. A careful examination of the complaint can lead to no other conclusion than that it is sufficient in form and in substance to inform defendant of the crime charged against her.

The point sought to be made is, that the complaint charges that defendant "did then and there sell and dispose to one Quintin E. Sampont, a quantity of spirits and alcoholic liquor, to-wit, whiskey contrary to the form of the statute in such case made and provided * * *." While the judgment charges the crime of a misdemeanor, to-wit, *unlawful traffic in alcoholic liquor*.

156

It seems to be the theory of respondent that the complaint and judgment are so uncertain and indefinite that the complaint cannot be sustained because it states no criminal offense, and the judgment cannot be enforced because it is not based upon the allegations of the complaint, in this, that the complaint charges unlawful possession, transportation, sale and disposal of alcoholic liquor, to-wit, whiskey, and that a sale was actually made, while the judgment does not recite a sale in the words of the complaint, but *unlawful traffic in alcoholic liquor.*

■ "Traffic", as used in the statute (1939, S.L. Chap. 222, p. 465) forbidding traffic in liquor, is equivalent to the word "sell" as used in the act prohibiting the sale of liquor, except as otherwise provided for in the act. People ex rel. Rochester Whist Club v. Hamilton, 17 Misc. 11, 39 N.Y.S. 531, 536. One engaged in traffic in whisky is guilty of selling whisky within the meaning of the act. State v. Small, 82 S.C. 93, 63 S.E. 4 at page 5, 44 L.R.A.,N.S., 454.

■ Funk & Wagnalls Standard Dictionary defines the meaning of the word "traffic" as:

"The exchange of goods, wares or any kind of merchandise between individuals, communities, or countries, whether such exchange be direct (barter) or by the use of money, bills of exchange, etc., trade."

In Webster's Standard Dictionary "traffic" is defined as:

"The business of bartering, or buying and selling; bargaining for profit; trade; as, to carry on traffic with the Indians or in liquor. Hence, illicit or unethical sale or selling * * *."

And as defined and interpreted by the cases dealing with liquor offenses, not only by our own court but others: County of Ada v. Boise Commercial Club, 20 Idaho 421, 440, 118 P. 1086, 38 L.R.A.,N.S., 101; Anderson v. Board of Commissioners of Lemhi County, 22 Idaho 190, 196, 125 P. 188; Pleasant Grove City v. Lindsay, 41 Utah 154, 125 P. 389, 392; Levine v. State, 35 Tex.Cr.R. 647, 34 S.W. 969, 970; Fine v. Moran, 74 Fla. 417, 77 So. 533, 538; Jung Brewing Co. v. Talbot, 59 Ohio St. 511, 53 N.E. 51; Senior v. Ratterman, 44 Ohio St. 661, 11 N.E. 321; People ex rel. Rochester Whist Club v. Hamilton, supra; State v. Small, supra. Respondent ignores the plain meaning of the word "traffic" which is the same as sale within the meaning of the statute. The recital in the judgment of the crime with its generic designation is sufficient. People v. Gregory, 8 Cal.App. 738, 97 P. 912, 916.

The use of the word traffic in the title of the act clearly was intended to comprehend illegal purchase, sale or disposition of liquor, because the words "purchase" and "sell" as used in sec. 902 of the act do not appear in the title. Likewise, the subhead of the title, by the use of the words "traffic in", was meant to cover and refer to "purchase, sell, or dispose of."

Thus there can be no valid or legitimate basis for distinguishing between "traffic" and "sell" as used in the statutes, the criminal complaint, or the judgment.

It is next contended that the fine and costs were paid by check, and when the check was handed to the probate judge the judgment was satisfied, consequently the commitment issued thereafter was illegal, the judgment having been fully paid and settled.

▆▆▆ The contention is unique, but a fallacy, having neither foundation in fact nor in law. The facts disclose that when the check was presented to the bank, payment was stopped by order of respondent. The giving of the check to the judge and stopping payment thereon was not payment of the fine nor satisfaction of the judgment. No unreasonable time had expired between the pronouncement of the judgment and the issuance of the commitment which would prevent the enforcement of the judgment. In re Jennings, 46 Idaho 142, 146, 267 P. 227; Miller v. Evans, 115 Iowa 101, 88 N.W. 198, 56 L.R.A. 101, 91 Am.St.Rep. 143. Ordinarily the order of commitment is no part of the judgment, being directory.

▆▆▆ As to the fourth point, no discussion is necessary for the reason that it is immaterial as well as unfounded.

For the reasons herein stated, and others not discussed, the court erred in granting the writ of habeas corpus and discharging respondent.

The judgment is reversed and the cause remanded with instructions to carry out the judgment of the probate court, and it is so ordered.

AILSHIE, C. J., and GIVENS, J., concur.

HOLDEN, Justice (dissenting).

In 1939, 1939 Session Laws, Chapter 222, page 465, the legislature enacted what is known as the "Idaho Liquor Act." It authorized the dispensary to buy, import, transport, store and sell alcoholic liquor and to establish, maintain and operate liquor stores in this state for the exclusive sale (in original packages) of alcoholic liquor under the provisions of the Act. So far as material here, Section 902 of the Act provided, and provides:

"Unlawful Manufacture, Traffic in, Transportation, and Possession of Liquor. Except as authorized by this act, any person who shall have in possession, manufacture, transport, purchase, sell, or dispose of any alcoholic liquor shall be guilty of a misdemeanor, and upon conviction shall be punished as otherwise provided by law. * * *"

September 4, 1945, a criminal complaint was filed in the Probate Court of Benewah County, charging, under that Act:

"The said Helen I. Mollendorf on or about the 1st day of September, A.D., 1945, at and in the County of Benewah, State of Idaho, she then and there being did then

and there knowingly, willfully, intentionally, unlawfully have in her possession, transport, sell and dispose of alcoholic liquor, to-wit: Whiskey, and did then and there sell and dispose to one Quintin E. Sampont, a quantity of spirits and alcoholic liquor, to-wit: whiskey contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Idaho."

A warrant of arrest was thereupon issued out of said probate court and placed in the hands of the sheriff of Benewah County for service. Pursuant to the warrant, the sheriff arrested the accused and took her before the probate judge of that county, where, being advised of her rights, she pleaded guilty to the charge set forth in the above quoted criminal complaint and, being further advised she was entitled to twenty-four hours before sentence could be pronounced against her, unless she decided to waive such time, asked the court to pronounce judgment at once. Accordingly, the court rendered and entered the following judgment:

"Whereupon, the court being advised in the premises finds that you, Helen I. Mollendorf, *are guilty of the charge of unlawful traffic in alcoholic liquor* (emphasis added) as you have confessed you are guilty, and it is the Judgment and Sentence of this court that you pay a fine of $250.00 and that you further pay the costs and disbursements of this action, assessed in the sum of $5.40, and that in lieu of payment of such fine and costs, that you be confined in the Benewah County jail one day for each $2.00 of said fine and costs until the same have been fully paid."

November 8, 1945, accused filed a petition in the District Court of the Eighth Judicial District of the State of Idaho for a writ of habeas corpus. In substance and effect, petitioner alleged that the sheriff arrested her at her place of business; that he then induced "her to drink, a large quantity of intoxicating liquor known as whiskey;" that he "took her to St. Maries before the said probate judge, and induced her to plead guilty to the complaint;" "that thereupon a judgment of the court (referring to the judgment above quoted) was rendered and pronounced;" that she gave the probate judge her personal check for $255.40 in payment of the judgment and that the probate judge accepted the check in satisfaction of the judgment; that the complaint "charged no criminal violation and that the judgment found her guilty of no criminal act;" that she stopped payment upon the check; that she was unlawfully imprisoned and restrained of her liberty in the county jail at St. Maries, County of Benewah, State of Idaho, by Mansfield Shepherd, sheriff of that county; that such imprisonment was illegal; that the jurisdiction of the probate court had been exceeded.

Pursuant to said petition, Honorable Oliver C. Wilson, judge of the said district court, ordered the issuance of a writ of ha-

beas corpus, returnable before Honorable A. L. Morgan (judge of the Second Judicial District), designated to act in the matter for the said judge of the Eighth Judicial District, at the courtroom of said court in the county courthouse in Coeur d'Alene, Kootenai County, State of Idaho, on the 16th day of November, 1945, and on the same day, and pursuant to said order, a writ of habeas corpus issued in the usual form. November 14, 1945, sheriff Mansfield Shepherd made a return on the writ that he held petitioner as a prisoner under and by virtue of said judgment and commitment issued pursuant thereto. November 16, 1945, the matter was heard, at which time the sheriff produced petitioner in court. December 15, 1945, Judge Morgan rendered and entered the following order:

"\* \* \*

"It appears to the Court that Helen I. Mollendorf was illegally imprisoned and detained by you.

"You are therefore commanded not to interfere with or detain the said Helen I. Mollendorf further upon process and matters set forth in her petition, and Helen I. Mollendorf is unconditionally released from further imprisonment."

The appeal to this court is from the order.

At the outset it should be stated the record very clearly discloses the charges made by the petitioner against the sheriff (as well as other officials) are groundless. The decisive question presented on this appeal, is: Was the petitioner illegally imprisoned, as found and adjudged by the trial court?

It will be noted Section 902, supra, was given the subhead: "Unlawful Manufacture, Traffic in, Transportation, and Possession of Liquor." This court held in State ex rel. Graham v. Enking, 59 Idaho 321, 82 P.2d 649, 653, that:

" 'The purpose of the title of a statute is to indicate to the lawmaker, and the citizen as well, the character and subject-matter of the legislation proposed by the act.' "

That, of course, also applies to the subhead of a section. Hence, the subhead indicated only, and quite properly, the subject matter of the legislation proposed by the section.

" '\* \* \* The subject of a statute is one thing, and its detailed provisions quite another. One is the topic, the other its treatment; one is required to be stated in the title, the other is not.' " State v. Dolan, 13 Idaho 693, 702, 92 P. 995, 997, 14 L.R.A.,N.S., 1259.

The subject of the proposed legislation indicated by the above quoted subhead was *liquor*. In legislating upon that subject, the legislature created several separate and independent public offenses. It made it unlawful to either possess intoxicating liquor, manufacture intoxicating liquor,

transport intoxicating liquor, purchase intoxicating liquor, sell intoxicating liquor, or dispose of intoxicating liquor, except as provided in the act. It did not create any other or additional public offense.

Futhermore, how could, for instance (as held in the majority opinion), the mere possession of alcoholic liquor constitute "an exchange of goods?" In other words, how could mere possession constitute an "exchange of alcohol"? And, further, just how could mere possession constitute the "business of bartering, or buying and selling" alcoholic liquor? Surely, the legislature should be credited with having more common sense than to have understood it would.

That brings me to a consideration of the above quoted complaint. It charged, with minute particularity, a sale of whiskey by petitioner to one Quintin E. Sampont. She does not contend the complaint did not fully advise her she was so charged. On the contrary, she insists the complaint did fully advise her she was charged with a sale of whiskey to Sampont and, further, that that is the charge to which she pleaded guilty, but that notwithstanding the fact she was so charged with a sale of whiskey to Sampont, and not with "unlawful traffic in alcoholic liquor," the probate judge found her guilty of "unlawful traffic in alcoholic liquor," as the above quoted judgment of the probate court shows. Hence, that such judgment is not supported by written accusation or complaint as required by Section 19-4001, I.C.A. The order appealed from should be affirmed.

MILLER, J., authorizes me to say he concurs in this dissent.