381 P.2d 435

STATE of Idaho, Plaintiff-Respondent,

v.

Max G. McGLOCHLIN, Defendant-Appellant.

No. 9190.

Supreme Court of Idaho.

April 16, 1963.

Rehearing Denied May 29, 1963.

Charles F. Reddoch, Charles S. Stout, Boise, for appellant.

Allan G. Shepard, Atty. Gen., R. La Var Marsh, Asst. Atty. Gen., Eugene C. Smith, Prosecuting Atty., Boise, for respondent.

KNUDSON, Chief Justice.

Appellant, Max G. McGlochlin, age 36, finished his day's work at 5 p. m. on Thursday, October 19, 1961, and went directly to his home. Between 7:30 and 8:00 o'clock that evening he drove his automobile to the 121 Club which was situated between 36th and 37th avenues in Garden City, Idaho. While at the club, appellant talked with various acquaintances, danced almost every dance and drank between four and six "stubbies" of beer.

At approximately 11:35 p. m. appellant departed from the club, got into his automobile and drove westerly on state highway No. 20. At a point eight feet two inches north of the shoulder of the highway, between 600 and 700 feet westerly from the club a car belonging to one Lloyd Lewis was parked. Appellant proceeded to drive his car past the Lewis car at which time the accident resulting in the death of Mr. Lewis occurred.

Appellant testified that at the time of the accident he was driving to a Phillips 66 gas station for the purpose of inflating a tire on his car; that he was driving approximately 20 miles per hour; that he had no trouble seeing the Lewis car and he saw no one standing by the side of the car; that he intended to pass in front of the Lewis car enroute to the pumps at the station and drove four or five feet to the left of the Lewis car as he passed it; that just after the front of his car passed the left front door of the Lewis car something hit about halfway back on the right side of the hood of his car and then broke the right side of his windshield.

A local police officer testified that he was standing across the highway immediately opposite the club at the time appellant departed from the club and got into his auto-

mobile; that he observed appellant's car move into its proper lane for westerly bound traffic and commence weaving; that he, the officer, immediately got into his car and started to follow appellant; that when he reached the intersection of 37th street he observed something go over the top of appellant's car at which time appellant was approximately 300 feet ahead of the officer's car.

Upon arriving at the scene of the accident, the officer observed that appellant had driven his car beyond the point of impact, turned it around and parked it so that the headlights were directed toward an injured man lying on the asphalt. The injured person was identified as Lloyd Lewis, a man over six feet tall and 300 pounds in weight. Mr. Lewis was conscious and during the next several minutes spoke to the officer and others about the accident.

The investigating officers further testified that the posted speed limit on the highway in the area of the accident was 35 miles per hour; that they found skid marks which started four feet off the highway shoulder and extended parallel with the highway to the front of the Lewis car—a distance of thirty-four feet, three inches The closer skid mark was twenty-nine inches from the left rear wheel and eighteen inches from the left front wheel of the Lewis car. Appellant emphatically denied that the skid marks referred to were caused by his automobile. The officers further testified that they observed an imprint on the right side of the hood of appellant's automobile and that the right side of the windshield was broken; that there was some evidence of dust having been scraped off the front of appellant's car. The outside left rear view mirror on the Lewis car was broken, otherwise there was no damage to that vehicle.

Appellant was convicted of the offense of negligent homicide and this appeal is taken from the judgment of conviction and from the order denying a new trial.

Appellant contends that the trial court erred (1) in overruling his demurrer to the information; (2) in entering a judgment of conviction which is unsupported by evidence of criminal negligence; (3) in the giving of certain instructions; and (4) in refusing to give certain requested instructions.

Under appellant's demurrer to the information it is contended that the information does not substantially conform to the requirements of I.C. §§ 19–1409, 19–1410, and 19–1411, and that it cannot be determined from said information how or in what respect appellant allegedly operated his automobile so as to constitute the offense attempted to be charged.

**464**

The charging part of the information is as follows:

"That the said defendant, Max G. McGlochlin, on or about the 19th day of October, 1961, in Ada County, State of Idaho, then and there being, did then and there drive and operate a motor vehicle to wit: a 1955 Buick station wagon automobile, bearing Idaho License No. 1A–34647, in a westerly direction along and upon U. S. Highway 20, a public highway located in Ada County, State of Idaho, and more particularly of that area of Highway 20 near the intersection of 37th Street, in Garden City, Ada County, State of Idaho, and while so engaged in driving and operating said vehicle as aforesaid, said defendant did then and there wilfully, knowingly, intentionally, and unlawfully drive and operate said motor vehicle in an unlawful, negligent, reckless, and careless manner and without due caution and circumspection or regard to the safety of others and while he, the said defendant, was then and there under the influence of intoxicating liquor, and said defendant did drive and operate said vehicle without due care to avoid colliding with a pedestrian upon a roadway and in a manner so as to endanger persons and property, and that while driving and operating said motor vehicle, he did then and there, at said time and place and in the manner aforesaid, wilfully, intentionally and unlawfully drive said motor vehicle into and against one Lloyd Lewis; that as a proximate result thereof, the said Lloyd Lewis did then and there receive mortal wounds and injuries from the effect of which the said Lloyd Lewis died on or about the 21st day of October, 1961."

I.C. § 19–1409 prescribes the requirements of indictments (applicable to informations) as follows:

"1. The title of the action, specifying the name of the court to which the indictment is presented, and the names of the parties.

"2. A statement of the acts constituting the offense in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended."

In discussing the sufficiency of the charging part of an information, the following language has been used by this Court:

"It is fundamental in this state that the charging part of an information or indictment will withstand attack if on its face it be sufficient to advise the defendant of the nature of the charge against him, and describes the offense with such particularity as to serve as

a shield in case of a second prosecution for the same offense; or, stated differently, if the act or acts constituting the offense be set forth in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended." State v. Basinger, 46 Idaho 775, 271 P. 325; Mollendorf v. State, 67 Idaho 151, 173 P.2d 519.

In State v. Gummerson, 79 Idaho 30, 310 P.2d 362, the information charged that the defendant drove his automobile "negligently, carelessly, recklessly and heedlessly, in wanton and wilful disregard for the rights and safety of others and without due caution and circumspection and at an excessive rate of speed under the circumstances and in a manner so as to endanger persons and property, * * *." Therein this Court held that such information sufficiently charged the defendant with acts constituting negligent homicide.

While the unlawful acts asserted in the information are alleged in general terms it is sufficient to advise a person of common understanding as to the nature of the offense charged and adequately describes the offense with sufficient particularity to serve as a shield in the event of an attempted second prosecution for the same crime. (See State v. Wheeler, 70 Idaho 455, 220 P.2d 687; State v. Scott, 72 Idaho 202, 239 P.2d 258.)

We conclude that the trial court correctly overruled appellant's demurrer.

Error is assigned to the trial court's refusal to give appellant's requested instructions numbered I and II. Appellant claims that by the court's refusal to give said instructions he was deprived of a right to have the theory of his defense to the charge submitted to the jury.

Defendant's first requested instruction reads:

"The Court instructs the Jury that even though you may believe the defendant was, to some extent, negligent, yet, if you find beyond a reasonable doubt that the decedent, Lloyd Lewis, suddenly stepped out of his car and into the path of the defendant's car, or so near thereto that his momentum took him into the side of the defendant's car at a time and in a manner unexpected to the defendant, and he had no opportunity in the exercise of reasonable care, to avoid it, and that this act on the part of the decedent was the proximate cause of the accident, then in such event, the accident was unavoidable and you should find the defendant not guilty."

Appellant contended throughout the trial that the accident was an act of misadventure and unavoidable on his part. The following excerpt of appellant's testimony discloses his view of how the accident happened:

"at the time of the impact I was directly opposite, my car was directly opposite the Lewis car, and I had no idea, I didn't see anybody there till after the front of my car had actually passed his driver's door, because the first indication and the first touching of anything as I was going by his car door, was back on the righthand side approximately halfway back on the hood of my automobile, even as much as a particle of dust being wiped off my car anywhere, that was the first place that any contact with anything had come. At that time, and only at that time did I know that something or somebody was there. They hit the windshield—"

The injured man, Mr. Lewis, lived approximately twenty-eight hours after the accident during a portion of which time he talked with several persons who were called as witnesses. Some of said witnesses testified that Lewis told them in substance that "He just stepped out his car and was hit." Appellant contends that such testimony, together with his own, constitutes sufficient evidence in support of the theory of his defense to entitle him to the instructions requested. We think there is merit to such contention.

■ It has been repeatedly announced by this Court that defendant is entitled to have the theory of any valid defense he may have to the charge properly submitted to the jury upon instructions given by the court. State v. Cox, 82 Idaho 150, 351 P.2d 472; State v. White, 46 Idaho 124, 266 P. 415. In State v. Moultrie, 43 Idaho 766, 254 P. 520, this Court said:

"It is a well-settled principle of law that, though the court may not believe the testimony of a defendant and witnesses corroborating him, the solemn duty rests upon the court to instruct the jury as fairly and impartially upon the theory of the defense as upon the theory of the prosecution."

See also, People v. Carmen, 36 Cal.2d 768, 228 P.2d 281; Glenn v. State (Okl. Cr.) 333 P.2d 597; State v. Sanders, 54 N.M. 369, 225 P.2d 150.

■ Since the language contained in defendant's first requested instruction provides that if the jury "find beyond a reasonable doubt that the decedent etc." it thereby places a higher degree of proof upon appellant than is required by law. It should be modified to provide that if the jury find from the evidence that the accident was brought about in the manner described in the instruction or shows to the extent of creating a doubt that the accident occurred in the manner claimed by the state, he would be entitled to an acquittal.

The defendant's second requested instruction reads:

"The Court instructs the Jury that intoxication does not of itself constitute negligence, but that an intoxicated person is held to the same degree of care as one not intoxicated; therefore, if you find the collision with the deceased, Lloyd Lewis, was due to the fact that he suddenly stepped out of his parked car and into the path of defendant's car or so near thereto that his momentum took him into the side of the defendant's car without sufficient time for the defendant, in the exercise of due caution, to avoid hitting or colliding with him, then you should acquit the defendant even though you may believe that the defendant was to some extent under the influence of an intoxicating beverage at the time of the accident."

■ This Court has recently held that being under the influence of intoxicating liquor is not ipso facto proof of the element of reckless disregard. State v. Cox, supra. This instruction should, however, be modified by deleting the words "due to the fact" and inserting in lieu thereof the words "proximately caused by the fact."

We do not agree that the evidence of guilt in this case is such that there is no reason to believe that a different verdict may have been arrived at, had the requested instructions been given.

Since no other instructions were given presenting the theory of appellant's defense, we conclude that it was reversible error to deny appellant's request to give the two instructions we have discussed.

Appellant challenges the correctness of the court's instruction no. 9, which provides:

"Section 49–1102 Idaho Code provides that it is unlawful for any person who is under the influence of intoxicating liquor to drive or be in actual physical control of any vehicle within this state.

"If death is the proximate result of the violation of this statute, and if the person who violates the statute knowingly chose to violate it under circumstances where he knew, or any reasonable man would have known, that the violation would involve serious danger to those whom the statute was designed to protect, such violation would warrant a conviction of negligent homicide."

■ It is the province of the legislature to define crimes and for the offense here charged the negligence must measure up to the statutory definition and meet the definitive test of reckless disregard. To give an instruction which lessens the degree of proof necessary to support a conviction

**468**

of negligent homicide would constitute reversible error. (State v. Cox, supra.)

██ The statute (I.C. § 49–1101) dictates that the death must be the "proximate result" of the injury received by the driving and not merely "involved" in the driving. The instruction is objectionable because it omits the statutory requirement that the homicide must be the result of reckless disregard on the part of the accused.

Appellant complains of instruction no. 10 as given and although it is subject to some criticism as being incomplete we disagree with appellant's contention that it is contrary to the law.

The assignments of error wherein it is contended that the verdict and judgment are unsupported by the evidence, are without merit. A like claim of insufficiency of the evidence was considered by the trial court in passing upon appellant's motion for a new trial and we do not find that the court abused his discretion in denying the motion upon that ground.

We have concluded that by reason of the error hereinbefore discussed the action must be remanded for a new trial. We find no other error in the record.

Judgment of conviction is reversed and the cause remanded to the district court for a new trial.

McQUADE, McFADDEN and TAYLOR, JJ., and DUNLAP, D. J., concur.