18497

SOUTH CAROLINA TAX COMMISSION, Appellant, v. SCHAFER DISTRIBUTING COMPANY, Inc., Respondent

(148 S. E. (2d) 156)

492

*Messrs. Daniel R. McLeod, Attorney General,* and *James B. Ellisor, Assistant Attorney General,* of Columbia, *for Appellant,*

*Messrs. Blatt & Fales,* of Barnwell, and *Fulmer, Barnes, Berry & Austin,* of Columbia, *for Respondent,*

May 3, 1966.

BRAILSFORD, Justice.

The scheduled time for a break in Swift Strike II, military exercises involving some 10,000 troops, was advanced twenty-four hours to commence immediately on Sunday, August 12, 1962. Troops of the 101st Air Borne Division, U. S. A., were encamped near Shaw Air Force Base, and the commanding officer of the base was notified that a large quantity of beer was required for the use of these troops on that day.

The Schafer Distributing Company, Inc., Sumter branch, was one of several suppliers of beer to Shaw. A representative of the post exchange, Roger E. Thebo, reached the branch manager, Francis Wilder, at home after church, advised him of the emergency and urgently requested the immediate delivery of 1000 cases of Falstaff beer. Promising to do the best that he could, the manager rounded up off-duty personnel, loaded a truck with 500 cases of non-taxed, 3.2 Falstaff beer and dispatched it to Shaw. The beer was duly delivered, and Schafer was charged with having violated Section 4-204, Code of Laws 1962, by selling beer on Sunday. After a hearing before the South Carolina Tax Commission, Schafer was found guilty as charged. A penalty was assessed and beer and wine of the aggregate value of $25,000.00, which had been seized by the agents of the commission at the Sumter plant, were declared confiscated.

As allowed by Section 4-217, Code of 1962, Schafer appealed to the Court of Common Pleas for Richland County. After a hearing *de novo,* the court concluded that the facts established did not sustain the conviction and reversed the action of the South Carolina Tax Commission. The commission has appealed to this court.

After pointing out that the territory comprising Shaw Air Force Base was ceded by the State of South Carolina to the United States government in 1950, Section 39-132, Code of 1962, together with exclusive jurisdiction for all

purposes except service of process, the circuit court stated the grounds of its decision as follows:

"The authorities uniformly hold that where the State cedes to the United States the land upon which military installations are placed by the United States, exclusive jurisdiction over all matters and things occurring within the reservation is fixed alone in the United States. The laws of the State of South Carolina and the rules and regulations of the South Carolina Tax Commission have no application whatsoever within Shaw Air Force Base. This Court finds that the sale and delivery of the beer in question occurred at the Shaw Air Force Base and beyond the jurisdiction of the State of South Carolina and the rules and regulations of the South Carolina Tax Commission."

It is apparent that the judgment appealed from rests squarely upon two premises. 1st. The statute invoked against Schafer has no application to a sale of beer on Shaw Air Force Base. 2nd. The sale in question took place there. Therefore, the statute did not apply and the sale was lawful.

The commission has taken no exception to the first premise. Hence, the inapplicability of the statute to a sale on the reservation stands as the law of the case. The only issue for decision on this appeal is raised by the commission's challenge to the court's conclusion that the sale of beer took place on the ceded property, rather than at Schafer's place of business in Sumter.

The commission contends that while the offer to purchase beer came from Shaw, the acceptance of the offer took place in Sumter; hence, Sumter was the situs of the sale. This loses sight of the fact that the offer to purchase was of beer delivered at Shaw. Thebo, as representative of Shaw, sought to meet an emergency by purchasing beer for immediate delivery. He made this clear in his conversation with Wilder. Wilder knew that the offer to buy was conditioned on delivery at Shaw that day, and he undertook to fulfill this

condition. We agree with the circuit court that if the beer had been destroyed before arrival at the point of delivery, the loss would have fallen on Schafer because of noncompliance with the terms of sale.

The principles which support the conclusion of the circuit court that title to the beer passed to the buyer on delivery, with which we agree, are aptly and succinctly stated in the headnotes to 77 C. J. S. Sales §§ 255 and 256 a., as follows:

"Whether or not title to personal property contracted to be sold passes before or without delivery of the subject matter depends largely on the intention of the parties and the facts of the particular transaction." Section 255 page 1044.

"Where the seller is to deliver the property at, or transport it to, a particular place, title ordinarily will not pass until the property is delivered to the buyer or reaches the agreed place." Section 256 a. page 1045.

To the same effect, see 46 Am. Jur., Sales, Sections 413, 415, and *Peed v. Burleson's Inc.*, 244 N. C. 437, 94 S. E. (2d) 351.

The commission relies upon *State v. Small*, 82 S. C. 93, 63 S. E. 4, 44 L. R. A., N. S., 454, as requiring the conclusion that the situs of the sale was in Sumter. In that case the conviction of the defendant for violating an ordinance of the town of Easley forbidding the sale of whiskey was sustained. The defendant as agent for a liquor dealer in North Carolina solicited the purchase of a gallon of whiskey by a resident of the town, collected the purchase price in full and gave an order on his employer with full directions for shipment to the purchaser. The facts are not analogous to those with which we deal and the court's decision was influenced by considerations which are inapplicable to this case. We quote: "This is a criminal prosecution. It is a pure effort on the part of a transgressor of the law to escape punishment. Was this a traffic in whiskey? Unquestionably it was; if so, the defendant stands guilty as charged." 82 S. C. 96, 63 S. E. 5. Other courts have been

similiarly disposed in determining whether a transaction in liquor constituted a prohibited sale. 30 Am. Jur., Intoxicating Liquors, Sec. 210. Neither the decision in *Small,* nor that in *Pregnall & Brother v. Miller & Kelly,* 21 S. C. 385, cited therein, is opposed to the settled principles which lead us to the conclusion that the judgment of the circuit court was correct.

Affirmed.

Moss, Acting C. J., LEWIS and BUSSEY, JJ., and LEGGE, Acting Associate Justice, concur.